THE ALPENA PORTLAND CEMENT COMPANY, Appellee, *vs.*
THE JENKINS & REYNOLDS COMPANY, Appellant.

*Opinion filed February 16, 1910—Rehearing denied April 7, 1910.*

1. CORPORATIONS—*in absence of statutory regulation, corporation may do business in States other than its home State.* By the comity which exists between States, and in the absence of any express law to the contrary, there is an implied permission for a corporation to exercise its corporate powers in a State other than that of its domicile, provided the exercise of such powers is not repugnant to the policy of the State or prejudicial to its interests.

2. SAME—*State has power to regulate or exclude foreign corporations.* A State has the right to prohibit a foreign corporation from exercising all or any part of its charter powers within its borders, to prescribe such terms and conditions as it sees fit upon the right of the corporation to do business in the State or to entirely exclude it from the State.

3. SAME—*general meaning of the words "doing business" or "transacting business."* The words "doing business" or "transacting business," used in statutes regulating foreign corporations, have been given a well settled meaning and refer only to the transaction of the ordinary business in which the corporation is engaged, and do not include acts not a part of its ordinary business, such as instituting and prosecuting actions in courts.

4. SAME—*section 1 of act of 1905, concerning foreign corporations, construed.* The words "corporate powers," used in section 1 of the act of 1905, requiring certain conditions to be complied with before any foreign corporation shall be permitted "to transact any business or exercise any of its corporate powers in the State of Illinois," refer to the express and implied powers necessary to enable the corporation to carry on the business for which it was organized, and do not refer to those powers, such as the right to sue, which are incident to every corporation and arise from the mere act of incorporation, without regard to the power to engage in any particular business.

5. SAME—*right of foreign corporation to sue in Illinois though it has not complied with regulatory law.* A foreign corporation which has transacted business in Illinois without complying with the act of 1905, concerning foreign corporations, is by the terms of the act precluded from suing in the courts of Illinois; but a foreign corporation which has not been transacting business in Illinois in violation of such act is not required to comply with the provisions of the act before it can sue in our courts. (*United*

*Lead Co.* v. *Reedy Elevator Manf. Co.* 222 Ill. 199, and *Illinois Trust Co.* v. *St. L., I. M. & S. Ry. Co.* 208 id. 419, distinguished.)

6. SAME—*doing single act of business is not a violation of the statute.* A single sale of goods in Illinois by a foreign corporation without complying with the act of 1905, relating to the right of foreign corporations to transact business in Illinois, is not a violation of the statute, such as precludes the corporation from bringing suit in Illinois upon a judgment against the vendee recovered in the United States Circuit Court for a certain district of a foreign State.

APPEAL from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

EDWIN C. CRAWFORD, for appellant:

The law of comity between the States of the Union does not prevail against a State law that fixes terms and conditions under which non-resident corporations may transact business or maintain suits in Illinois. *Bank* v. *Earle,* 13 Pet. 592; *Paul* v. *Virginia,* 8 Wall. 177; *Ducat* v. *Chicago,* 48 Ill. 175; *Magoun* v. *Bank,* 170 U. S. 283.

Corporations are not citizens under section 2 of article 4 of the constitution of the United States. *In re Estate of Speed,* 216 Ill. 23; *Ducat* v. *Chicago,* 48 id. 173; *Paul* v. *Virginia,* 8 Wall. 168; *Bank* v. *Earle,* 13 Pet. 519.

Unless non-resident corporations have conformed to the Illinois statute relating to them they cannot carry on suits in any courts of the State of Illinois. *Lead Co.* v. *Elevator Manf. Co.* 222 Ill. 199; *Trust Co.* v. *Railway Co.* 208 id. 419; *Health Assurance Co.* v. *Rosenthal,* 55 id. 85; *Iron Hall* v. *Grigsby,* 178 id. 57; *Thompson Co.* v. *Whitehed,* 185 id. 454.

Section 67c of chapter 32 provides that every non-resident corporation shall make application to the Secretary of State, as specified in that section, before it exercises its corporate powers or franchises in Illinois. Instituting suit in court by a corporation is an exercise of one of its corporate powers. *Mayor* v. *McKee,* 2 Yerg. 167; Clark &

Marshall on Private Corp. sec. 258; *Leggett* v. *Banking Co.* 1 N. J. Eq. 548; Angell & Ames on Corp. (11th ed.) sec. 110; 1 Kyd on Corp. 69; Morawetz on Private Corp. (2d ed.) sec. 356; 2 Kent's Com. (12th ed.) *277.

A State statute construed by the State courts to exclude foreign corporations from suing upon judgments obtained in another State is not objectionable, as denying to such judgments the full faith and credit guaranteed in section 1 of article 4 of the United States constitution. *McElmoyle* v. *Cohen,* 13 Pet. 327; *Provision Co.* v. *Provision Co.* 191 U. S. 373.

BULKLEY, GRAY & MORE, for appellee:

The laws do not provide or say that a foreign corporation cannot sue if it is not doing business in the State, or if its business is inter-State commerce and protected by the commerce clause. *Lumber Co.* v. *Chappell,* 184 Ill. 539.

A judgment of a sister State imports absolute verity, and the only questions that can be inquired into are whether the court rendering the judgment had jurisdiction of the subject matter and parties, that there was no fraud upon the court rendering the judgment, and whether or not the debt has been discharged in bankruptcy since the rendition of the judgment. Black on Judgments, sec. 938; *Zepp* v. *Hager,* 70 Ill. 224; *Lawrence* v. *Jarvis,* 32 id. 304; *Baker* v. *Palmer,* 83 id. 568; *Shannon* v. *Morton,* 31 Ga. 34; *Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141; *Ruegger* v. *Railroad Co.* 103 Ill. 449.

The judgment of a United States court has the same force and effect as the judgment of a sister State. (See cases last cited.)

Bringing of a suit is not doing business. *Lumber Co.* v. *Chappell,* 184 Ill. 539; *Commission Co.* v. *Pool,* 24 L. R. A. 289; *Faxon & Co.* v. *Lovett Co.* 60 N. J. L. 128; *Commission Co.* v. *Cattle Co.* 50 Pac. Rep. 630; *Dryer Co.* v. *Bilger,* 192 Pa. St. 466; *Coit* v. *Sutton,* 102 Mich.

324; *Toledo Co.* v. *Glenn Manf. Co.* 55 Ohio St. 217; *Beard* v. *Publishing Co.* 71 Ala. 60.

Keeping an office or agent in a foreign State for the purpose of soliciting orders is not doing business. *Railway Co.* v. *Pennsylvania,* 136 U. S. 114; *Stockard* v. *Morgan,* 185 id. 27; *Caldwell* v. *North Carolina,* 187 id. 622.

Placing goods in the possession of a dealer in a foreign State for sale is not doing business. *Shoe Co.* v. *Rubber Co.* 156 Fed. Rep. 1; *In re Columbus Buggy Co.* 143 id. 829.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an action in debt, brought by appellee in the municipal court of Chicago against appellant. The declaration recites that appellee obtained a judgment against appellant in the United States Circuit Court for the Eastern District of Michigan at the October term, 1907, thereof, for the sum of $1209.50 and costs, which judgment has not been paid. Appellant filed a plea in abatement to the declaration,. setting up that the plaintiff is organized for profit under the laws of the State of Michigan; that it is not a railroad or telegraph company, nor in the insurance, banking or money loaning business; that the subject matter in this suit for which plaintiff is seeking judgment consists of five car-loads of cement sold by plaintiff to defendant, and by defendant bought, April 15, 1902, in Chicago, in the State of Illinois, and that plaintiff had not, at the commencement of this suit, complied with the statute of Illinois regulating the right of a foreign corporation to do business in this State. Appellee filed a general demurrer to this plea and the demurrer was sustained. Appellant elected to stand by the plea, and the court entered judgment in favor of appellee for $1397.20. Appellant prayed an appeal to the Appellate Court for the First District, which was allowed. Upon the motion of appellee the Ap-

pellate Court has transferred the cause to this court on the ground that constitutional questions are involved.

The ultimate question for our determination in this case is whether, under the facts disclosed by the plea in abatement, appellee is prohibited from maintaining this suit by reason of the provisions of an act of the General Assembly of this State entitled "An act to regulate the admission of foreign corporations for profit, to do business in the State of Illinois," approved May 18, 1905, in force July 1, 1905.

By the comity which exists between the States, and in the absence of any express law to the contrary, implied permission is granted to a foreign corporation to exercise its corporate powers in a State other than that of its domicile, provided the exercise of such powers is not repugnant to the policy of the State or prejudicial to its interests. (*Carroll* v. *City of East St. Louis*, 67 Ill. 568; *Bank of Augusta* v. *Earle*, 13 Pet. 519.) A State, however, has the right to prohibit a foreign corporation from exercising any part or all of its charter powers within its borders, to impose such terms and conditions upon its right to do business in the State, as it may see fit, or to entirely exclude it from the State. (*Ducat* v. *City of Chicago*, 48 Ill. 172; *Bank of Augusta* v. *Earle, supra; Paul* v. *Virginia*, 8 Wall. 168.) It necessarily follows that, in so far as permission has not been withdrawn by statute duly passed by the legislature, a foreign corporation may still exercise its corporate powers in this State. The question is therefore presented, to what extent does the act in question limit the right of a foreign corporation to exercise its charter powers in this State?

Before proceeding to a consideration of this question, however, it will be proper to dispose of a contention made by appellant that the plea in abatement shows that appellee has transacted business in this State in violation of the statute. This contention is based upon the allegation of the plea that the subject matter for which appellee is seek-

ing judgment consists of five car-loads of cement sold by appellee to appellant, and by appellant bought, April 15, 1902, in Chicago. This suit is not brought upon the contract of sale of the cement but is brought upon a foreign judgment. This allegation of the plea does not disclose any of the facts surrounding the transaction. It is not set out in what manner the sale was made,—whether in pursuance of a mail order, by a traveling salesman, by a branch house of appellee located in Chicago, or in some other manner. The statute in force at the time of the alleged sale differed somewhat from the present law, but provided that a corporation which had not complied with its terms should not "be authorized or permitted to transact business in this State." The penalty imposed was substantially the same as that of the present statute, hereinafter referred to. The circumstances under which this sale was made are immaterial, as it was but a single transaction, and under the holding in *Cooper Manf. Co.* v. *Ferguson,* 113 U. S. 727, was not a violation of the statute. In that case the constitution and a statute of the State of Colorado were under consideration. Each provided that no foreign corporation should do any business in the State of Colorado without complying with certain conditions therein expressed, and the United States Supreme Court held that the doing of a single act of business without such compliance was not a violation of the statute. The transaction as set out in the plea under consideration here, being a single act, did not constitute a violation of the law as it then existed, and it would not be within the inhibition of the present act.

Section 1 of the present act regulating the admission of foreign corporations for profit to do business in this State, the title of which is above set out, provides "that before any foreign corporation for profit shall be permitted or allowed to transact any business or exercise any of its corporate powers in the State of Illinois, other than insurance com-

panies, building and loan companies and surety companies, they shall be required to comply with the provisions of this act and shall be subject to all of the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this State." Sections 2 to 5, inclusive, specify what steps shall be taken by the foreign corporation desiring admission to this State "for the purpose of transacting business or exercising its corporate powers or franchises," and prescribes certain regulations and requirements for such corporation after it shall have been authorized to do business in this State. Section 6 of the act imposes a penalty of from $1000 to $10,000 upon every foreign corporation amenable to the provisions of the act which shall neglect or fail to comply with any of the provisions thereof, and further provides that "in addition to such penalty, if after this act shall take effect, any foreign corporation shall fail to comply herewith, no suit may be maintained either at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort in any court in this State."

Appellant contends that a foreign corporation must comply with the provisions of this statute before it can institute or maintain a suit in any court of this State, because the bringing of a suit is in itself doing business within the meaning of the statute, and is the exercise of one of the corporate powers of the corporation. The words "doing business" and "transacting business," as used in statutes regulating foreign corporations, have by numerous judicial decisions been given a settled and recognized meaning, and refer only to the transaction of the ordinary business in which the corporation is engaged, and do not include acts not constituting any part of its ordinary business, such as instituting and prosecuting actions in courts. (*Spry Lumber Co.* v. *Chappell,* 184 Ill. 539; *Mandel* v. *Swan Land Co.* 154 id. 177; *Faxon Co.* v. *Lovett Co,* 60 N. J. L. 128;

*In re Hovey,* 198 Pa. St. 385; *Woodall & Son* v. *People's Nat. Bank,* 153 Ala. 576; *St. Louis, Arkansas and Texas Railroad Co.* v. *Fire Ass'n,* 60 Ark. 325; 19 Cyc. 1280; 13 Am. & Eng. Ency. of Law,—2d ed.—869.) Is the meaning of this statute different by reason of the use of the words "or exercise any of its corporate powers," in connection with the prohibition against doing business in this State? In our opinion it is not. We think the words "corporate powers," as used in this act, refer to the fran-chises belonging to the corporation, or those powers which are specially conferred upon a corporation for the purpose of authorizing it to do or transact the particular business in which it intends to engage, together with those implied powers which are necessary to enable it to carry on that business, and do not include the right to sue or any other of those powers incident to the existence of every corpora-tion which arise from the mere act of incorporation, and do not depend for their existence upon the authority to transact or engage in any particular business. (*Snell* v. *City of Chicago,* 133 Ill. 413.) We are impelled to this conclusion, first, by reason of the fact that the title of the act under consideration does not disclose any intention on the part of the legislature to limit the right of a foreign corporation to exercise its corporate powers in the State other than the corporate powers exercised in doing busi-ness in the State, and were the body of the act to be given a contrary construction, that portion which purports to regulate the exercise of the corporate powers not included in the term "doing business," would have to be rejected because not expressed in the title of the act; (Const. art. 4, sec. 13; *Hogan* v. *Akin,* 181 Ill. 448;) and second, be-cause if it had been intended, by prohibiting a foreign cor-poration from exercising any of its corporate powers, to prohibit it from bringing suits in the courts of this State, it would have been entirely useless to provide as one of the penalties for doing business in the State without first com-

plying with the statute, that permission to resort to the courts of this State should be withdrawn from the offending corporation, as is done by section 6 of the act.

Appellant relies upon *United Lead Co.* v. *Reedy Elevator Manf. Co.* 222 Ill. 199, and *Illinois Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 208 id. 419, in support of its contention that a foreign corporation which has not complied with the statute cannot maintain a suit in the courts of this State. Appellant misapprehends the extent of the decisions in those cases. In the *United Lead Co. case* the effect of the decision was to decide that a corporation which was transacting business in this State in violation of the statute then in force could not maintain an action in the courts of this State because the legislature had provided, as one of the penalties for doing business in this State without first complying with the statute, that the offending corporation should not maintain any suit in any of the courts of this State; but it was not there held, and has never been held by this court under any statute on this subject, that permission to bring suit in the courts of this State has been withdrawn as to foreign corporations which have not been guilty of any violation of such statute. The holding in the *Illinois Trust Co. case* was to the effect that a foreign corporation cannot condemn land in this State unless it brings itself clearly within the terms of our statute granting such power. There the railway company was not only doing business in this State in violation of law, but it was attempting to exercise a special power not incident to corporations in general. Its right to bring an ordinary suit was not in question.

The plea in abatement interposed by appellant to the declaration in this case did not disclose such facts as prohibit appellee from maintaining this suit, and the demurrer thereto was properly sustained.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*