(No. 40587.—

TEXTILE FABRICS CORPORATION, Appellant, *vs.* JOSEPH ROUNDTREE, d/b/a Roundtree Seat Cover Company, Appellee.

*Opinion filed January 19, 1968.*

RICHARD A. DEGEN, of Belleville, for appellant.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiff, a Massachusetts corporation, brought an action in the circuit court of St. Clair County against the defendant, who conducted business in East St. Louis, Illinois, for merchandise allegedly sold and delivered to the defendant by the plaintiff.

The defendant moved to dismiss the cause on the ground that the plaintiff was a foreign corporation without a certificate of authority to transact business in the State of Illinois and therefore could not maintain an action in any court of this State. Thereafter, the trial court entered an order allowing the motion. It appears that oral argument was presented in behalf of the defendant on the motion to dismiss but no brief, affidavit or other material was presented to the trial court in support of the motion. The defendant is not represented on this appeal.

According to affidavits filed by the plaintiff in the trial court it has no office or fixed place of business in Illinois. It conducts only occasional sales and transactions in Illinois and they are conducted through the use of traveling salesmen. Goods ordered in Illinois are shipped from other States by common carriers and by the mails to the Illinois purchasers. The plaintiff argued unsuccessfully that to deny it the right to institute an action in the courts of Illinois interfered unreasonably under the circumstances with interstate commerce.

Through some inadvertency the plaintiff did not receive timely notice of the dismissal of the action by the court and we granted its motion for leave to appeal.

Section 125 of the Business Corporation Act (Ill. Rev. Stat. 1965, chap. 32, par. 157.125) provides in part: "No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of this State, until such corporation shall have obtained a certificate of authority."

However, our legislature and this court have recog-

nized that interstate commerce is a proper and exclusive province of the Federal authority. Section 161 of the same Act provides: "The provisions of this Act shall apply to commerce with foreign nations and among the several states only in so far as the same may be permitted under the provisions of the Constitution of the United States." *Lehigh Portland Cement Co.* v. *McLean,* 245 Ill. 326, presented a case closely resembling the matter here concerned. The plaintiff, a Pennsylvania corporation, sued the defendant for goods sold and delivered to the defendants in Illinois. Plaintiff sold through salesmen in Illinois and did not have a certificate of authority to transact business in this State. The trial court disallowed the defendant's plea that the plaintiff could not bring suit in Illinois as no certificate of authority had been issued to the plaintiff. The appellate court upheld the trial court and granted a certificate of importance so that this court might consider the question. We affirmed and said in part: "It is a familiar rule that the legislature has power to impose such conditions as it may choose upon foreign corporations for the exercise of powers and privileges in this State, and such conditions must be complied with. This power of the legislature is, however, subject to the restriction contained in section 8 of article I of the Constitution of the United States, which grants to Congress the power to regulate commerce among the several States. The authority of Congress in this regard is exclusive, and no State, except in the exercise of the police power for the security of lives, health and comfort of persons and the protection of property, can make any law or regulation which will affect the free and unrestrained intercourse and trade between the States as Congress has left it, or which will impose any discriminating burden or tax upon the citizens or products of other States coming or brought within its jurisdiction." See also, Fletcher, Private Corporations, sec. 8424, (1959 Volume) which

states: "A foreign corporation cannot be denied the right to sue, nor can conditions be imposed on the right to sue, on a cause of action based on a transaction involving interstate commerce * * * ." Our statutes relative to foreign corporations cannot be given effect in such a way as to impede the Federal authority and responsibility to insure the free flow of interstate commerce.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*