PARK, BENZINGER & CO., INC., Plaintiff-Appellee, v. FOREMOST SALES PROMOTIONS, INC., Defendant-Appellant.

(No. 57056; ▮▮▮▮▮▮▮

First District (5th Division)—June 29, 1973.

Morton Siegel, of Chicago, for appellant.

Allen H. Schultz, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Park, Benzinger & Co., Inc., a New York corporation, filed a verified complaint for preliminary and permanent injunctions against Foremost Sales Promotions, Inc., alleging that defendant violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188-191.) Pursuant to proceedings which are detailed below, the trial court issued an injunction.

On appeal, defendants contend: (1) that plaintiff was doing business

in Illinois through an agent without being qualified as a foreign corporation, and (2) that the decree of injunction is invalid because it lacked specificity.

Plaintiff's verified complaint alleged that plaintiff was a New York corporation "engaged in business as a distributor of various alcoholic beverages * * *" which it sells to licensed wholesalers in Illinois; that except for railroads it does not sell its products directly to retailers; that it expends large sums of money in Chicago and in Illinois to maintain its good will; that it leases and uses large offices in conducting its business although the complaint does not specify their location; and that in Illinois wholesalers also lease and occupy large offices and warehouses. Plaintiff's complaint further alleged that defendant's actions caused injury to the market of "products sold *by* plaintiff" (emphasis added) in Chicago, Cook County, and elsewhere in Illinois. A fair trade contract attached to the complaint recited that plaintiff was "a New York corporation, doing business in Illinois."

Defendant filed a verified motion to dismiss the complaint alleging that plaintiff, a New York corporation, was doing business in Illinois without a license and therefore was not entitled to sue in the state, citing various allegations in the complaint in support of its position, and alleging that Mel Sulkin who verified the complaint was plaintiff's Illinois agent and "Central Division Manager" and that he had executed plaintiff's fair trade agreements.

Plaintiff filed a verified motion for "temporary" injunction during the pendency of the suit and also filed a verified reply to defendant's motion to dismiss together with a memorandum of law and the supporting affidavit of Sulkin. Defendant subsequently filed a motion for summary judgment together with a supporting affidavit of Irving Robins, president of defendant corporation. Plaintiff replied to the motion for summary judgment and filed a counter-affidavit.

The facts raised in the affidavits and the depositions were basically undisputed. They show that plaintiff is a New York corporation not licensed to do business in Illinois. Plaintiff (1) maintains no Illinois office, leases no Illinois property, and does not list its name on the door of any office or in the directory of any building in Illinois; (2) maintains no Illinois telephone and is not listed in any Illinois telephone directory; (3) has no Illinois employees; (4) pays no Illinois taxes, and (5) solicits no orders from, has no contact with, and furnishes no promotional materials directly to Illinois retailers. Plaintiff sells its products only to Illinois wholesalers and pays its alleged agent in Illinois, a flat fee for its services of promoting plaintiff's brands in Illinois and other states.

The facts indicate that Melmark, Inc., a merchandising and marketing company which represents plaintiff and two other liquor suppliers, is an Illinois corporation, its stock wholly owned by Mel Sulkin with Sulkin and his wife its only officers and directors. Melmark promotes sixty brands, six of which are plaintiffs. It hires "detailmen" who visit local retailers and wholesalers in the course of their duties. It receives monthly compensation from its suppliers for its services and maintains a phone, offices in Illinois, and pays taxes in Illinois.

Mel Sulkin, President of Melmark, Inc., and plaintiff's "Central Division Manager," testified on deposition that he executed plaintiff's fair trade contracts in Illinois, receives a salary from Melmark, Inc., and pays taxes in Illinois. He hires "detailmen" for Melmark in Illinois and other states who might occasionally, as a service, take an order and deliver it to the wholesaler although taking orders is the function of the wholesalers' salesmen. He further testified that he himself spends most of his time promoting products for Melmark among wholesalers in Illinois and other states.

Don Karper, "detailman" for Illinois and Director of Marketing for Melmark, Inc., testified on deposition that he is an expert in merchandising. He resides in Illinois, spends most of his time in Illinois and pays taxes in Illinois. His duties involve acquainting retailers with plaintiff's products, supplying retailers with free promotional materials and services, and making recommendations regarding the placement of plaintiff's products within a store. He normally spends four days a week visiting local retailers along with a wholesaler's salesman and one day a week with a wholesaler. He testified that he does not take orders from retailers.

The parties each filed detailed memoranda of law in the trial court regarding the legal issues involved in the case. Upon careful examination of the law and facts, the trial court concluded that Melmark was not plaintiff's agent and that plaintiff was not doing business in Illinois. Therefore, plaintiff being engaged in interstate rather than intrastate commerce was entitled to sue in Illinois. Upon these determinations, the trial court denied defendant's motion to dismiss and its motion for summary judgment. When defense counsel stated that defendant would stand on its motions the trial court entered the following injunction:

> "[T]hat the defendant * * * its agents and servants and each and every one of them be, and are hereby jointly and severally enjoined and restrained from wilfully and knowingly advertising, offering for sale or selling [plaintiff's] products including but not limited to [naming one of them] in Illinois at less than the prices

stipulated by plaintiff, from time to time, under the Fair Trade Act of the State of Illinois * * *."

Defendant objected to entry of this injunction but stated no grounds.

*OPINION*

■■ Defendant first contends that plaintiff was doing business in Illinois without being qualified as a foreign corporation. Section 102 of the Business Corporation Act (Ill. Rev. Stat. 1971, ch. 32, sec. 157.102) provides that foreign corporations must procure a certificate of authority before transacting business in Illinois. Section 125 of the Act (Ill. Rev. Stat. 1971, ch. 32, sec. 157.125) provides that the failure of such a corporation to secure a certificate will deprive the corporation of the privilege of suing in Illinois courts. The purpose of these provisions is to ensure that those receiving benefits from doing business in Illinois bear their fair share of the expense. These provisions, however, are clearly inapplicable to interstate transactions of foreign corporations which are protected from state impediment by the federal constitution. *Textile Fabrics Corp. v. Roundtree* (1968), 39 Ill.2d 122, 233 N.E.2d 376; *Lehigh Cement Co. v. McLean* (1910), 245 Ill.326, 92 N.E. 248.

In support of its contention, defendant places great reliance in the case of *Eli Lilly & Co. v. Sav-on-Drugs, Inc.* (1961), 366 U.S. 276. In *Lilly,* the United States Supreme Court in a 5-to-4 decision held that an Indiana corporation not licensed to do business in New Jersey was not entitled under New Jersey law to use that state's courts to enforce its rights under the New Jersey Fair Trade Act where the evidence indicated that at least part of Lilly's business was done within that state. The evidence showed that Lilly sold its products in interstate commerce to New Jersey wholesalers. However, Lilly (1) maintained an office in New Jersey; (2) had its name on its door and on the building directory in New Jersey; (3) had a telephone and a listing in a New Jersey telephone book; (4) had and paid a secretary for working in the office in New Jersey, and (5) paid a salary to eighteen "detailmen" who spent most of their time in New Jersey. These "detailmen" visited retailers to acquaint them with plaintiff's products, made recommendations to them regarding plaintiff's products, supplied free promotional material, and occasionally would receive orders from the retailers. The court concluded that Lilly's activities in promoting its business in New Jersey was of an intrastate nature which New Jersey could legitimately license. Justice Harlan filed a special concurring opinion and Justice Douglas filed a dissenting opinion based upon the "drummer" cases.

■■ Defendant contends that the creation of Melmark, Inc. was a subterfuge to permit plaintiff to do business in Illinois and yet avoid the effect of the *Eli Lilly* decision. The promotional activities of Melmark in

Illinois do essentially correspond to those of Lilly in New Jersey in the case cited by defendants; and Melmark's activities certainly benefited plaintiff. The fact that Sulkin signed plaintiff's fair trade agreements as plaintiff's "Central Division Manager" also seems to support defendant's position. However, these factors alone do not convince us, as they did not convince the trial court, that plaintiff is doing business in intrastate commerce without a certificate of authority. Melmark is an Illinois corporation which pays its fees and taxes in this state. It represents other firms as well as plaintiff, and has autonomy in its actions. The fact that Sulkin may discuss policies with plaintiff does not change the situation. Melmark is an independent contractor. Therefore, since plaintiff has no direct connection with Illinois except through the goods it ships into the state, plaintiff's transactions in this case are clearly interstate in character and Section 125 of the Business Corporation Act does not deny it the opportunity to enforce its rights through the courts in Illinois.

■■ Defendant secondly contends that the injunction is invalid because it is not specific. This contention is identical to that raised in *Paddington Corp. v. Westville Beverage Mart, Inc.* 12 Ill.App.3d 555. We have fully examined the cases cited by the parties including *Seagram Distillers Corp. v. New Cut Rate Liquors* (7th Cir. 1955), 221 F.2d 815. As a result of this examination, we believe that the instant injunction is specific enough and creates no serious difficulties for someone like defendant who is active in the liquor business and therefore knows what products are fair traded. The injunction gives defendant enough information to know what is prohibited.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.