THE VERNON COMPANY, Plaintiff-Appellant, *v.* JOHN R. TRIMBLE, a/k/a JACK TRIMBLE, Defendant-Appellee.

(No. 74-120;

Third District—October 29, 1974.

Lucas, Brown & McDonald, of Galesburg, for appellant.

Nelson, Gustafson & Blake, of Galesburg, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Knox County dismissing the complaint of The Vernon Company, plaintiff-appellant, seeking to recover damages from John Trimble, defendant. The judgment was entered pursuant to defendant's motion to dismiss the complaint because the plaintiff, a foreign corporation, did not have a certificate to do business in Illinois in violation of section 125 of the Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 157.125).

The complaint alleges that on November 15, 1969, the defendant entered into a salesman's commission contract with the plaintiff and thereby became bound to the terms, conditions, and stipulations contained in the contract. The complaint alleges that at the termination of the defendant's employment, the defendant owed the plaintiff the sum of $1,972.62. The defendant filed a motion to dismiss the complaint for the reason that the plaintiff is not an Illinois corporation, nor has it obtained a certificate of authority to do business in the State of Illinois, and by reason of its failure to so secure said certificate of authority it is not permitted to maintain a civil action in any court of this state. No affidavits were included with the motion to dismiss, and no evidence was presented. The defendant has filed no brief in this court, and consequently we would be justified in a summary reversal of the judgment. However, since such a reversal would under the circumstances not completely dispose of the issues in this case, some comments seem justified.

It appears the trial court took the position that since the complaint disclosed on its face the plaintiff was a foreign corporation it was required to allege and prove either that it had a certificate to do business in the State of Illinois or that it was not required to have such certificate. On the other hand, the plaintiff argues that where the right of a foreign corporation to bring suit in this State is challenged because of noncompliance with the statute, it is the burden of the defendant to prove that the plaintiff is doing business within this State according to the terms of the statute, thus requiring a certificate as a condition precedent to the bringing of the action.

■■ Quoting with approval from *Lehigh Portland Cement Co. v. McLean*, 245 Ill. 326, 92 N.E. 248, the court in *Textile Fabrics Corp. v. Roundtree*, 39 Ill.2d 122, 124, 233 N.E.2d 376, observed,

"'It is a familiar rule that the legislature has power to impose such conditions as it may choose upon foreign corporations for the exercise of powers and privileges in this State, and such conditions must be complied with. This power of the legislature is, however, subject to the restriction contained in section 8 of article I of the Constitution of the United States, which grants to Con-

gress the power to regulate commerce among the several States. The authority of Congress in this regard is exclusive, and no State, except in the exercise of the police power for the security of lives, health and comfort of persons and the protection of property, can make any law or regulation which will affect the free and unrestrained intercourse and trade between the States as Congress has left it, or which will impose any discriminating burden or tax upon the citizens or products of other States coming or brought within its jurisdiction.' "

It is our conclusion that where a defendant, as in the instant case, seeks to invoke the statutory disqualification of a foreign corporation, it is the burden of the defendant to show that the foreign corporation is doing business in this State in violation of the statute. This burden is not satisfied by merely showing the plaintiff is a foreign corporation.

■■ For the foregoing reasons, the judgment of the circuit court of Knox County is reversed and remanded for further proceedings.

Reversed and remanded.

ALLOY and DIXON, JJ., concur.