ST. LOUIS HILLS UROLOGICAL ASSOCIATES, INC., Plaintiff-Appellant,
v. ERNEST J. NICOLETTI, SR., Defendant-Appellee.

Fifth District    No. 5—86—0419

Opinion filed March 13, 1987.

William E. Aulgur, of Eldorado, for appellant.

Arlie E. Traughber, of Columbia, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, St. Louis Hills Urological Associates, Inc., filed a small claims complaint in Monroe County against defendant, Ernest J. Nicoletti, Sr., to recover the unpaid balance allegedly due and owed by defendant to plaintiff for the cost of medical services furnished by plaintiff to defendant's family. Defendant filed an unverified motion to dismiss alleging plaintiff was not entitled to bring suit against defendant in Illinois because plaintiff had not alleged in its complaint that it was an Illinois corporation or that it was authorized to transact business in Illinois. The trial court sustained the motion to dis-

miss upon oral argument. Plaintiff appeals from the order dismissing its complaint.

■■■ Under section 13.70 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 13.70), no foreign corporation transacting business in Illinois without a certificate of authority can maintain a civil action in any Illinois court. A foreign corporation can maintain a civil action in this State as long as it is not engaging in business in Illinois without a certificate of authority. (See *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.* (1910), 244 Ill. 354, 360-62, 91 N.E. 480, 481.) The question then becomes whether plaintiff was transacting business in Illinois in violation of the statute. Defendant bears the burden on this issue, a burden which is not satisfied by merely showing plaintiff is a foreign corporation. (*Vernon Co. v. Trimble* (1974), 23 Ill. App. 3d 240, 242, 318 N.E.2d 666, 667.) Defendant has presented no facts on the record to support his motion. Moreover, those facts alleged in his brief do not constitute transacting business within the intendments of the statute. (See *Wenige-Epperson, Inc. v. Jet Lite Products, Inc.* (1975), 28 Ill. App. 3d 320, 322-23, 328 N.E.2d 665, 667-68.) In the absence of proof to the contrary, we will assume plaintiff is not transacting business in Illinois in violation of the statute and therefore can maintain its civil action. (See *Charter Finance Co. v. Henderson* (1973), 15 Ill. App. 3d 1065, 1069, 305 N.E.2d 338, 341, *aff'd* (1975), 60 Ill. 2d 323, 326 N.E.2d 372.) The granting of defendant's motion was therefore improper. We also note parenthetically the bringing of a suit in an Illinois court does not constitute transacting business in this State within the meaning of section 13.70. See *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.* (1910), 244 Ill. 354, 360-61, 91 N.E. 480, 481.

For the foregoing reasons, we reverse the order of the circuit court of Monroe County dismissing plaintiff's complaint and remand this cause for further proceedings.

Reversed and remanded.

JONES and KASSERMAN, JJ., concur.