MASS TRANSFER INCORPORATED, Plaintiff-Appellant, v. VINCENT CONSTRUCTION COMPANY, Defendant-Appellee.

Fifth District   No. 5—90—0605

Opinion filed January 29, 1992.

James M. Drazen, of Troy, for appellant.

R. Corydon Finch, of Finch & Karraker, P.C., of Anna, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Mass Transfer Incorporated appeals from an order of the circuit court dismissing its amended complaint with prejudice. We reverse and remand.

On January 16, 1990, Mass Transfer Incorporated filed a complaint for an accounting against Vincent Construction Company (Vincent Company), alleging that Mass Transfer Incorporated supplied materials through its sales representative, Flo-Systems Incorporated, to Vincent Company for a public works project in Anna, Illinois. The complaint alleged that: (1) Mass Transfer Incorporated was a division of Mass Transfer International; (2) Vincent Company refused to pay a $34,905.33 balance owed Mass Transfer Incorporated for supplies; (3) Mass Transfer Incorporated filed a claim for public lien against Vincent Company and the municipality of Anna, Illinois, pursuant to section 23 of the Mechanics Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 23); and (4) plaintiff was entitled to an accounting. Attached to the complaint was a document purporting to be a contract between

defendant and Mass Transfer International. Plaintiff requested that the court order Vincent Company either to pay the $34,905.33 or to provide an accounting of materials received by the defendant and the sums paid by the defendant to the plaintiff. Plaintiff also requested the court to enjoin the municipality of Anna from transferring any sums it held related to the public works project to anyone other than the court or the plaintiff. The claim for a public lien to which the plaintiff referred in its complaint named Mass Transfer, Inc., as the entity entitled to the $34,905.33.

Vincent Company filed a motion for judgment on the pleadings and for involuntary dismissal. The trial court dismissed plaintiff's cause of action with leave to file an amended complaint. Mass Transfer Incorporated filed an amended complaint for an accounting, which contained substantially the same allegations as the original complaint. Unlike the original complaint, however, plaintiff's amended complaint included an allegation that "plaintiff is a foreign corporation, authorized to do business in the State of Illinois."

In response to the amended complaint, Vincent Company filed a motion for involuntary dismissal. Plaintiff did not file a responsive pleading. The trial court, without a hearing, entered an order dismissing plaintiff's complaint for an accounting, with prejudice, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Three issues are presented for our review: (1) whether plaintiff's complaint is barred because it was not filed in compliance with section 23 of the Mechanics Lien Act (Act); (2) whether plaintiff is statutorily barred from maintaining its complaint; and (3) whether the trial court erred in failing to conduct a hearing prior to dismissing the complaint.

Vincent Company argues that the complaint was not filed in accordance with the requirements of section 23 of the Mechanics Lien Act because it was not filed within 90 days of the initial notice of lien. The plaintiff mailed an initial notice of claim for lien via regular mail service. The parties agree that the initial notices of lien were not in compliance with the statute because it requires delivery of a copy of the notice by means other than regular mail service. Ill. Rev. Stat. 1989, ch. 82, par. 23.

■ Vincent Company argues, however, that because the initial notice was improper, the subsequent notice which was sent certified mail was void. We do not agree. Section 23 of the Act provides in pertinent part:

> "Any person who shall furnish material *** to any contractor having a contract for public improvement *** shall have a lien

***. Provided, such person shall, before payment or delivery thereof is made to such contractor, notify the official or officials of the county, *** city, municipality or municipal corporation whose duty it is to pay such contractor of his claim by a written notice and furnish a copy of said notice at once to said contractor. The person claiming such lien may cause notification and written notice thereof to be given either by sending the written notice (by registered or certified mail, return receipt requested, with delivery limited to addressee only) to, or by delivering the written notice to the official or officials of the county, *** city, municipality, or municipal corporation whose duty it is to pay such contractor; and the copy of the written notice which the person claiming the lien is to furnish to the contractor may be sent to, or delivered to such contractor in like manner. *** *Failure to commence proceedings within 90 days after giving notice of lien pursuant to this subsection shall terminate the lien and no subsequent notice of lien may be given for the same claim nor may that claim be asserted in any proceedings pursuant to this Act.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 82, par. 23.)

Vincent Company contends that because the initial notice of lien was invalid, subsequent notices of lien were precluded. Such an interpretation of the statute is in error. The interpretation of statutory provisions is governed by the rule that the intention of the legislature should be ascertained and given effect, with the legislative intent discerned primarily from the language used in the statute. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 389 N.E.2d 151; *Village of Oakwood Hills v. Diamond* (1984), 125 Ill. App. 3d 58, 465 N.E.2d 662.) The prohibition against filing subsequent notices of lien comes into play where one fails to commence proceedings within 90 days after giving notice of lien *pursuant to this subsection*. Because it is conceded by the parties that the initial notice of lien was not given *pursuant to the statute*, the preclusive effect of the statutory provision to which Vincent Company refers did not come into play.

It is undisputed that notices of claim for lien were sent by certified mail to the Anna city treasurer and to Vincent Company on October 18, 1989. The complaint in this case was filed on January 16, 1990. Because the complaint was filed within 90 days after the notices were sent by certified mail, the plaintiff complied with the statutory time limitation.

■ Vincent Company next argues that the notice of claim for lien is defective because it was not given to the city official whose duty it was to pay the contractor. Section 23 requires service of notice of the lien on the official or officials of the city whose duty it is to pay such contractor. Plaintiff sent the notice of claim for lien to the Anna city treasurer, Delano Mowery. Vincent Company contends that the city ordinances and the State statutes demonstrate that the Anna city treasurer alone does not have the authority to write checks. An examination of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1989, ch. 24, par. 1—1—1 *et seq.*) and the Anna city ordinances is helpful in assessing how far astray, if at all, plaintiff wandered from the strictures of the notice requirements of section 23.

The city council, by ordinance, is given the authority to prescribe the powers and duties of officers and employees. (Ill. Rev. Stat. 1989, ch. 24, par. 4—5—2.) Anna city Ordinance No. 83—6 provides that:

> "[T]he Mayor, the Finance Commissioner, the Treasurer and the City Clerk are authorized to sign and execute checks and withdraw funds for the City of Anna on all accounts for the City, and provided further that it shall be required that *at least two* of the persons filling the above-referenced offices of the City shall be required to affix their signatures on any checks or withdrawal of any City funds." (Emphasis added.) (Anna, Ill., Ordinance No. 83—6 (May 17, 1983).)

The ordinance indicates that signatures of two of the four officials named are necessary to execute checks. It is clear that the treasurer is one of those officials.

There are few reported cases dealing with the statutory notice provisions of section 23 as they relate to the notification of an incorrect public official. (*Aluma Systems, Inc. v. Frederick Quinn Corp.* (1990), 206 Ill. App. 3d 828, 842-43, 564 N.E.2d 1280, 1289.) However,

> "notwithstanding the strict construction generally given to all sections of the Mechanics' Liens Act, there is authority which favors some flexibility in applying the general rules, so that the statute's provisions are not construed so technically that its remedial purpose is undermined and all but lost in the process.
> ***
>> 'The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of

those against whom the remedy offered by the statute is directed, and it is never employed otherwise.' "

*Aluma Systems*, 206 Ill. App. 3d at 839-40, 564 N.E.2d at 1287-88, quoting *United Cork Cos. v. Volland* (1937), 365 Ill. 564, 572, 7 N.E.2d 301, 305.

There has been no suggestion that plaintiff acted with anything but good faith in serving the notice upon the city treasurer. Notice upon the city treasurer was not wholly in error, as that office is one of four with authority to execute checks. We conclude that plaintiff substantially complied with the statutory notice requirements.

Plaintiff next argues that the foreign-corporation section of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1989, ch. 32, par. 13.70) does not preclude it from maintaining its complaint. Plaintiff's amended complaint alleges that it is a foreign corporation authorized to do business in Illinois. Vincent Company's motion for involuntary dismissal alleges three grounds: (1) that plaintiff's complaint was not filed within 90 days of the initial notice of lien; (2) that the notice of lien was not given to the proper official; and (3) that plaintiff is not a registered foreign corporation in this State. As discussed earlier in this opinion, the trial court erred in dismissing the complaint on grounds one and two. We now turn to the third basis.

The primary purpose of a section 2—619 motion is to provide a means to dispose of issues of law or easily proven issues of fact. If it cannot be determined with reasonable certainty that the alleged defense exists, the motion should not be allowed. *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703, 501 N.E.2d 156, 159.

■ Defendant bears the burden of proof on the issue of whether the plaintiff was transacting business in Illinois in violation of the Business Corporation Act of 1983. (*St. Louis Hills Urological Associates, Inc. v. Nicoletti* (1987), 153 Ill. App. 3d 1044, 506 N.E.2d 602.) Vincent Company asserted in its motion for involuntary dismissal and in its brief on appeal that no foreign corporation transacting business in this State without a certificate of authority is permitted to maintain a civil action in any court of the State. (Ill. Rev. Stat. 1989, ch. 32, par. 13.70.) Attached to its motion for involuntary dismissal were certifications from the Illinois Secretary of State indicating that there is no record with the office of the Secretary of State disclosing any corporations entitled Mass Transfer Incorporated, Mass Transfer International, or Mass Transfer, Inc., "as having been incorporated or licensed to transact business in this State at any time." Defendant's burden of proof is not satisfied merely by showing that the plaintiff is

a foreign corporation. (*Urological Associates*, 153 Ill. App. 3d at 1045, 506 N.E.2d at 603.) If a foreign corporation can demonstrate that it is conducting interstate commerce in the State of Illinois, then it need not necessarily have a certificate of authority to transact business here. (See *Textile Fabrics Corp. v. Roundtree* (1968), 39 Ill. 2d 122, 233 N.E.2d 376.) Interstate transactions of foreign corporations are protected from State impediment by the Federal constitution. (*Textile Fabrics Corp. v. Roundtree* (1968), 39 Ill. 2d 122, 233 N.E.2d 376; *Park, Benziger & Co. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 179, 300 N.E.2d 564.) Absent proof to the contrary, the trial court erred in assuming that the plaintiff was transacting business in Illinois in violation of the statute.

■ The trial court erred in not conducting a hearing prior to dismissing plaintiff's complaint. At the time of its decision, the trial court had before it the amended complaint for accounting, defendant's motion for involuntary dismissal, and three affidavits with supporting documents submitted by the defendant. Vincent Company argues that plaintiff neither filed any counteraffidavits nor requested oral argument as is required under the local circuit court rule.

First Judicial Circuit Court Rule 2.1 provides:

"RULE 2.1 PRE-TRIAL AND POST-TRIAL MOTIONS
* * *

(b) Any party that opposes such motion shall within ten (10) days after the filing of the motion file an answering memorandum containing the reasons for opposition together with any citations of relevant authorities. * * *

(c) Upon expiration of the period for reply, the Clerk will refer the motion papers and the case file to the Judge presiding for appropriate disposition. *THERE WILL BE NO ORAL ARGUMENTS UNLESS ORDERED BY THE JUDGE PRESIDING.*

* * *

(e) *Any party that desires to present testimony or other evidence to support or oppose a motion (where authorized by law) should so indicate* in the motion or to the Clerk at the time of the filing of the motion. The Clerk will then set the matter for hearing, notifying all parties." (Emphasis added.) (Rule of the Circuit Court First Judicial Circuit, Art. II, R. 2.1 (July 1, 1984).)

In contrast, section 2—619 of the Illinois Code of Civil Procedure provides:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. \*\*\*
    \*\*\*
    (2) That the plaintiff does not have legal capacity to sue or that the defendant does not have legal capacity to be sued.
                    \* \* \*

    (c) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties \*\*\*." (Ill. Rev. Stat. 1989, ch. 110, par. 2—619.)

Some courts have held that section 2—619 requires that the parties be afforded the opportunity to have an evidentiary hearing. (See *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249; *Dickman v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 470, 458 N.E.2d 199.) While we need not address the issue of whether a hearing is mandated in all cases under section 2—619, we conclude that in the instant case the trial court erred in not conducting a hearing prior to ruling on the motion to dismiss.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH, P.J., and RARICK, J., concur.