Jefferson Wall, Appellant, *v.* Lewis S. Goodenough, Appellee.

APPEAL FROM LA SALLE.

Courts may instruct juries upon the hypothesis of a given or assumed state of facts; or upon a contingent state of facts, in case the jury should so find them; but an instruction should not be so worded as to determine a fact, and tell the jury that this fact is evidence of another fact.

The possession of a tenant is that of the landlord, in fact and in law; and the effect of a disclaimer, disseizin or attornment to an adverse claimant, or collusion with an adverse claimant to deliver possession, as between the landlord and tenant, and those thus claiming under a tenant, (unless a descent cast by death of disseizor,) would be a forfeiture of the term, and the landlord may enter, or bring ejectment or forcible detainer.

A finding by a jury in an action for forcible detainer, that the defendant is guilty of withholding the possession, does not warrant a judgment for plaintiff, it not being responsive to the complaint. The allegations and proofs must correspond.

Where a tenant vacates premises, and the landlord has possession by placing goods therein, he may maintain a proceeding for forcible entry against an intruder, without making a formal re-entry.

This was a proceeding for forcible entry and detainer.

The plaintiff below leased the premises in controversy for one year to one Penfield, who immediately took possession of the same under the lease, and continued in the actual possession for about six months, when he abandoned the premises, leaving them unoccupied. On the same day that Penfield left, and a few hours after he had gone, the defendant below moved his family into the house situated on said premises. When he entered, there was no person in possession, and the doors to the house were partly open.

There is no evidence showing that the defendant below came into the possession of the premises by, through or under, or by collusion with the tenant of the complainant, or that he entered as the tenant of the complainant.

The plaintiff had some articles of furniture in the house, which had remained in it during the tenancy of Penfield, which were left in it by Penfield, and were in it when Wall took possession

of the house. The jury, by their verdict, found the defendant guilty of withholding from the plaintiff possession of the premises, as in said plaintiff's complaint alleged and described.

The fourth instruction referred to in the opinion is as follows : " The undisputed possession of the plaintiff for between two and three years, is evidence of his title and right of possession in him, until a better title is shown."

This appeal was taken from the La Salle County Court, H. G. COTTON presiding. The judgment was rendered at March term, 1855, of that court.

D. P. JONES, for Appellant.

B. C. COOK, for Appellee.

SCATES, C. J. The fourth instruction asked by defendant, and given by the court, assumes as a fact that defendant had, and had proved that he had, undisputed possession between two and three years. Courts may instruct upon the hypothesis of a given or assumed state of facts, and they may instruct upon a contingent state of facts, in case the jury should so find them from the evidence. But the wording of this instruction finds the fact to be so, and tells the jury that this fact is evidence of another fact, to wit, title and right of possession in defendants. The court should have left the finding of the first named fact to the jury upon the evidence, and instructed them, that if they should find it to exist, then the other inference might be drawn from it.

I am not at all prepared to sanction the first instruction given for plaintiff here, but not being presented by the assignment of error, shall not examine authorities upon it. The second, and the modification asked of defendant's second, were both properly refused. Doubtful, and unstable indeed, would be the title and possession of landlords, if the law was as here laid down. The possession of the tenant is the possession of the landlord, in fact as well as in law; and all the effect of a disclaimer, disseizin, or attornment to an adverse claimant, or collusion with him to deliver possession, as between the landlord and tenant, and those thus claiming under such tenant, unless a descent cast by death of disseizor, would be a forfeiture of the term, and the landlord might enter, or bring ejectment, or forcible detainer. The principle is very fully and strongly applied in equity, as well as at law, in McCartney v. Hunt et al., 16 Ill. R. 76, where the court dismissed a bill filed to enjoin the landlord from recovery in a forcible detainer against the owner of the fee, who had obtained possession by collusion with the tenant.

The judgment is not warranted by the finding, because it was not responsive to the complaint for a forcible entry. The verdict may be admitted to be true, and still the defendant have no right of recovery; for the plaintiff may justly, peradventure, withhold the possession, under a lease from defendant.

The statute has given two grounds for this action—a forcible entry, and a forcible detainer; one begins unlawfully by force, the other possession commences lawfully, but its continuance becomes unlawful, and is deemed, therefore, forcible. The former redresses the acts of a trespasser, the latter those of a tenant. Rev. Stat. p. 256, Sec. 1. The proofs and allegations must correspond in this as in other actions. *Snedecker* v. *Quick*, 7 Halstead R. 129. So a charge that two were joint tenants, is not supported by proof of the single tenancy of one. On a warrant for forcible detainer, the inquest before the magistrate found the "right of possession" in plaintiff. This *inquest* was *traversed*, and on trial, the jury found the "inquest true," and defendant "guilty of the forcible detainer complained of in the warrant." *Held*, that the latter part of the finding was not responsive to the issue, and could not help the inquest, which was not sufficient to support a judgment of restitution in this summary mode of proceeding by statute. *Todd* v. *Bates*, 3 Bibb R. 100.

There is nothing to aid this defective finding by intendment, as in some cases there may be. See *Cobb* v. *Bryan*, 3 Bos. and Pul. R. 352. It is contended that an action of trespass *quare clausum fregit*, could not be maintained by the landlord, under such circumstances, as shown by the proofs in this case, and so held in *Campbell* v. *Arnold*, 1 John. R. 511, and *Wickham* v. *Freeman*, 12 John. R. 183, and laid down in 9 Bacon Abrid. C. 458–9, title Trespass, for want of possession in fact. The same sort of possession in fact seems to have been required, or within the terms or meaning of the statute of forcible entry and detainer in Kentucky, and without which the action could not be maintained. *McClelland* v. *Sprigg*, 3 Bibb R. 266; *Quertemus* v. *Breckenridge*, 5 Dana R. 125; *Hudgens* v. *Temple*, 12 B. Monroe R. 201.

But on the contrary, actual possession, though without title, will enable a party to maintain trespass, and forcible entry; even a tenant in under a void lease. *Graham* v. *Peat*, 1 East R. 244, (edition 1845, p. 128.)

This remedy in favor of mere actual possession is not inconsistent with the landlord's right of possession, nor will the fact of there having been such a possession in fact destroy all right to possession or remedy by our statute. Courts will not incline

27

to find any and every trespass upon an owner's possession, a disseizin. See *Blood* v. *Wood*, 1 Metcalf R. 528.

It is to be observed that much of the strictness and formality of the common law, in relation to being in possession and making livery of seizin to make a conveyance operative and effectual, has been repealed. Rev. Stat. 1845, 102, Sec. 1.

Our statute in relation to forcible entry and detainer, has not confined it to cases of actual or constructive possession; nor do we regard the act as contemplating a trial of the general question of title under it. But it does seem to contemplate a remedy by which one in possession may vindicate it against entries by force, or withholding of possession by tenants after the termination of their leases. After the tenancy is at an end, I must think the statute intended such a possession, or a right of possession, as being in the landlord, as would sustain the action for forcible entry against a trespasser, as well as the tenant, without a formal re-entry. But in this case, there was such proof of actual delivery by quitting and surrendering upon notice, and continuing his goods in the premises, as would sustain a finding of actual possession. Bodily presence upon the land is not essential under all circumstances to possession.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*