SECOND DIVISION

June 2, 1998

No. 1-97-1836

SUBWAY RESTAURANTS, INC., and ) Appeal from the

SUBWAY CENTRAL, INC., a/k/a ) Circuit Court of

SUBWAY RESTAURANTS, INC., ) Cook County.

)

Plaintiffs-Appellees, ) 

)

v. )

)

DENNIS W. RIGGS, ) Honorable

) Willie M. Whiting,

Defendant-Appellant. ) Judge Presiding.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs, Subway Restaurants, Inc. and Subway Central, Inc. (both referred to herein as SRI), brought an action for forcible entry and detainer against defendant Dennis W. Riggs as a result of a breach of a sublease between SRI and defendant resulting from defendant’s nonpayment of rent due for the premises where he operated his Subway franchise.  Defendant filed a motion to dismiss SRI’s amended complaint, claiming that SRI did not have legal capacity to sue since it did not have a certificate of authority.  735 ILCS 5/2-619(a)(2) (West 1994).  The trial court denied defendant’s motion.  SRI then filed a motion for summary judgment.  Defendant responded to the summary judgment motion and also filed a motion to stay the amended complaint.  The trial court granted SRI’s motion for summary judgment and denied 
defendant’s motion to stay. Defendant appeals, 
claiming that the circuit court proceeding should have been stayed and summary judgment in SRI's favor should not have been granted since he was inequitably precluded from prosecuting his defense of fraud in the inducement.  Defendant also claims on appeal that the trial should have granted his motion to dismiss since plaintiff did not register as a foreign corporation.  We reverse and remand.  

 On March 9, 1994, defendant entered into the Subway franchise agreement with Doctor’s Associates, Inc. (DAI), a Florida corporation.  On that same date, defendant also entered into a sublease for the premises located at 7740-7748 Milwaukee Avenue, Niles, Illinois, with Subway Restaurants, Inc., a Connecticut corporation, an affiliated company of DAI.  The sublease requires the franchisee to assume all of SRI’s obligations under the master lease, including payment of rent directly to the landlord who leases the premises to SRI.  SRI has the ultimate responsibility for all rental payments due for the premises under the terms and conditions of the master lease.

     In 1996, defendant stopped paying rent and other charges due under his sublease for the premises.  On May 31, 1996, SRI filed suit in the circuit court seeking to regain possession of the premises and to recover back rent and related charges totaling $10,313.79.  On June 18, 1996, defendant and his corporation filed a lawsuit in the United States District Court for the Northern District of Illinois against DAI, Subway Restaurants, Subway Central, and DAI’s owners, Fredrick A. DeLuca and Peter H. Buck (federal defendants), alleging fraud in the inducement and seeking damages and rescission under the Illinois Franchise Disclosure Act of 1987 (815 ILCS 705/26 (West 1994)), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 (West 1994)), and the common law of Illinois.  The federal complaint also alleged that DAI had waived its right to arbitrate by causing SRI to file the eviction action.      

     DAI then filed in the United States District Court for the District of Connecticut a petition to compel arbitration and a motion to enjoin prosecution of the lawsuit in the northern district of Illinois.  On August 21, 1996, the Connecticut district court compelled defendant to arbitrate and enjoined him until further order of the Connecticut district court from commencing or prosecuting or in any way acting in any action related to or arising under any franchise agreement with DAI or any matter or dispute that is or may be subject to the arbitration clause.  The district court of Connecticut rejected defendant’s claim that he had been fraudulently induced to arbitrate, that the arbitration clause was an unconscionable contract of adhesion, and that DAI had waived its right to arbitration.  On June 10, 1997, the United States Court of Appeals for the Second Circuit affirmed this order.

     On July 15, 1996, in the circuit court of Cook County, SRI filed its amended complaint for forcible entry and detainer, based on defendant’s failure to pay the rent required by the sublease.  Defendant moved to dismiss the case on the ground that SRI was not registered to do business in Illinois.  The circuit court denied defendant’s motion to dismiss.

    On September 13, 1997, the owners of the premises (the landlord) were allowed to intervene in the pending action and file a third-party complaint for possession and rent against SRI as a result of SRI’s ultimate responsibility for rent due under the master lease.  On or about October 31, 1996, defendant vacated the premises.  At that time, $17,266.79 in rent and related charges was due and owing the landlord.  On November 4, 1996, SRI paid the outstanding amounts in full by tendering a check for $17,266.79.  On November 4, 1996, the landlord dismissed its third-party complaint against SRI.

     On December 5, 1996, SRI moved for summary judgment against defendant on its claim for unpaid rent and related charges.  On January 2, 1997, defendant moved either to stay or dismiss the case.  Defendant argued that the Connecticut district court’s August 21, 1996, injunction estopped or otherwise precluded the circuit court from rendering judgment for SRI for defendant's breach of the sublease.  Defendant also claimed that the sublease, assignment of sublease and franchise agreement are products of fraud in the inducement and, accordingly, are unenforceable as a matter of law.  

      On February 13, 1997, the circuit court denied the motion to stay and the motion to dismiss and granted SRI’s motion for summary judgment in the amount of $17,266.79.  The court entered and continued the judgment until April 14, 1997.

     On March, 18, 1997, defendant returned to the Connecticut district court for a modification or clarification of the court's injunctions.  On April 2, 1997, the district court entered an order denying defendant’s motion to modify the injunction.  The order stated that the injunction does not pertain to factual legal defenses related solely to the eviction action.  However, the order stated that if defendant seeks to inject into the eviction action issues pertaining to the franchise agreement, the injunction is applicable.

      On April 14, 1997, defendant moved that the circuit court set aside the order granting summary judgment and stay prosecution of the amended complaint.  The court denied the motion and entered final judgment in favor of SRI.

     Defendant claims on appeal that the trial court erred in denying defendant's request for a stay and in granting SRI's motion for summary judgment in its action for forcible entry and detainer.  Defendant claims that the circuit court's actions were improper since defendant was precluded from asserting fraud in the inducement against plaintiff because of the Connecticut district court's injunction.  

     A forcible entry and detainer proceeding is a summary statutory proceeding to adjudicate and restore rights of possession and, as such, should not be burdened by matters unrelated to the issue of possession.  
Sawyier v. Young
, 198 Ill. App. 3d 1047, 556 N.E.2d 759 (1990).  The only questions that are to be answered in such a proceeding concern which party is entitled to immediate possession and whether a defense that is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession.  
First Illinois Bank & Trust v. Galuska
, 255 Ill. App. 3d 86, 627 N.E.2d 325 (1993).  Claims that are germane to the issue of possession generally fall into one of four categories: (1) claims asserting a paramount right of possession; (2) claims denying the breach of any agreement vesting possession in plaintiff; (3) claims challenging the validity or enforceability of the document upon which plaintiff's right to possession is based; and (4) claims questioning a plaintiff's motivation for the bringing of the forcible action.  
People ex rel. Department of Transportation v. Walliser
, 258 Ill. App. 3d 782, 629 N.E.2d 1189 (1994). 

     The defenses available in a forcible entry and detainer action are limited to allow the issue of possession to be resolved quickly. The instant case, however, is not the typical forcible entry and detainer action since it does not concern the right to possession of the property.  The landlord of the property at issue here has already been made whole.  Defendant, the sublessee, has vacated the premises, and SRI, the sublessor, has paid the landlord the entire amount of back rent that the landlord was due.  The landlord is thus no longer involved in the forcible entry and detainer action. 

     This case instead concerns a dispute between the sublessor and sublessee, neither of which is in possession of the property.  Accordingly, there is no need to restrict defendant to only the limited defenses deemed germane to the ordinary forcible entry and detainer action.    

     The Connecticut district court determined that defendant could not inject into the eviction action issues pertaining to the franchise agreement and that any claims as to whether defendant was fraudulently induced to enter into the franchise agreement must be addressed in arbitration.  In light of this conclusion, defendant may not argue in this forcible entry and detainer action that he was fraudulently induced to enter into the franchise agreement.  

     The district court of Connecticut's ruling likewise prevented defendant from arguing he was fraudulently induced to enter into the sublease.  The record reveals that the franchise agreement and sublease were entered into at the same time, and defendant was required by the franchise agreement to enter into the sublease with SRI.  In  
Yates v. Doctor's Associates, Inc.
, 193 Ill. App. 3d 431, 549 N.E.2d 1010 (1990), the court considered the relationship between DAI and Subway, Inc., a corporation that sublet premises to a franchisee pursuant to a franchise agreement.   The court in 
Yates
 found that the sublease agreements served no purpose other than providing a mechanism by which DAI could enforce the terms of the franchise agreement.  Moreover, the court noted that when Subway, Inc., filed the forcible entry and detainer action, it was as if DAI had brought the action in its own name.  
Yates
, 193 Ill, App. 3d at 441.  The franchise agreement and the sublease are essentially one document.  

     We thus find that the resolution of the fraudulent inducement claim may be dispositive in the resolution of the instant forcible entry and detainer action. Therefore, we believe that the circuit court should have granted defendant’s motion to stay the forcible entry and detainer proceedings pending the conclusion of the arbitration proceedings.  Accordingly, we reverse and remand in order for the circuit court to enter a stay until the conclusion of the arbitration proceedings.  If defendant prevails in the arbitration proceedings and it is determined that he was fraudulently induced to enter into the franchise agreement, the trial court should lift the stay, vacate the judgment entered against defendant and dismiss the forcible entry and detainer action with prejudice.  If, however, defendant does not prevail in the arbitration proceedings and it is determined that he was not fraudulently induced to enter into the franchise agreement, the trial court should lift the stay of enforcement of the judgment.  

     Defendant also claims that the circuit court should have granted his motion to dismiss on the basis that SRI was not registered as a foreign corporation.  The Illinois Business Corporation Act of 1983 provides that "[n]o foreign corporation transacting business in this State without a Certificate of Authority is permitted to maintain a civil action in any Court of this State,until the corporation obtains a certificate of authority."  805 ILCS 5/13.70 (West 1994).  A corporation engaged in only occasional and isolated transactions in Illinois is not required to obtain a certificate of authority.  
Wenige-Epperson, Inc. v. Jet Lite Products, Inc.
, 28 Ill. App. 3d 320, 328 N.E.2d 665 (1975).  Furthermore, a foreign corporation is not required to obtain a certificate of authority if it is simply conducting interstate commerce.  
Textile Fabrics Corp. v. Roundtree
, 39 Ill. 2d 122, 233 N.E.2d 376 (1968).  Defendant bears the burden of proof on the issue of whether SRI was transacting business in Illinois in violation of the Business Corporation Act.  
Mass Transfer Inc. v. Vincent Construction Co.
,  223 Ill. App. 3d 746, 585 N.E.2d 1286 (1992).

     The information provided in the record concerning the leasing transactions leads us to find that defendant failed to sustain this burden.  Defendant has linked only 10 leasing transactions in Illinois to SRI.  These transactions do not constitute a substantial amount of business in Illinois.           

     We therefore reverse and remand in order for the circuit court to enter a stay of the forcible entry and detainer proceedings in accordance with the directions set forth in this opinion.               Reversed and remanded. 

     RAKOWSKI, J., concurs.  

     COUSINS, J., dissents.

     JUSTICE COUSINS, dissenting.

On July 15, 1996, SRI, the lessee, filed its amended complaint for forcible entry and detainer against the defendant-appellant, Dennis W. Riggs, the sublessee. The only basis for the eviction was defendant's failure to pay the rent required by the sublease. In the amended complaint, SRI did not assert breach of the franchise agreement as a ground for the eviction. Defendant did not deny liability or contend the dispute was arbitrable; instead, on July 24, 1996, he moved to dismiss the case on the ground that neither Subway Central, Inc. nor SRI, were registered to do business in Illinois. 

I agree with the part of the majority decision holding that the trial court's refusal to dismiss on this ground was proper. However, I dissent from the part of the majority decision that reverses the trial court and remands this case for the trial court to enter a stay of the forcible detainer proceeding. 

In the instant case, after the forcible detainer proceeding had been filed by the lessee, the owners of the subject premises were allowed to intervene in the pending action and file a third-party complaint for possession and rent against SRI because of SRI's ultimate responsibility for rent due under the master lease. On or about October 31, 1996, defendant vacated the subject premises. At that time, $17,266.79 in rent and related charges was due and owing the landlord. On November 4, 1996, SRI paid the outstanding amounts in full by tendering the landlord a check for $17,266.79. On November 4,1996, the landlord dismissed its third-party complaint against SRI. 

On December 5, 1996, SRI moved for summary judgment against defendant on its claim for unpaid rent and related charges. On January 2, 1997, defendant responded by moving in the alternative to stay or dismiss the case. Defendant's counsel did not dispute that his client owed the claimed amounts but argued for the first time, that the Connecticut district court's August 21, 1996, injunction somehow "estopped" or otherwise precluded the trial court from rendering judgment for SRI for defendant's undisputed breech of the sublease. Defendant also sought to relitigate the fraudulent inducement claim that Judge Dorsey and the second circuit had already rejected, by pleading:

"The Sublease, Assignment of Sublease to Dennis Riggs, and Franchise Agreement are products of fraud in the inducement and, accordingly, are unenforceable as a matter of law."

On February 13, 1997, the Circuit Court denied the motion to stay or dismiss and granted SRI's motion for summary judgment in the amount of $17,266.79. The court entered and continued the judgment until April 14, 1997.

On March 18, 1997, defendant returned to the Connecticut district court in order to obtain a modification of the injunction that had been previously entered in that court by Judge Dorsey. On April 2, 1997, Judge Dorsey entered an order denying defendant's motion to modify the injunction. The order sets forth that defendant was never barred from asserting legal and factual defenses to the sublease defaults as long as he did not raise issues that the district court had already decided or that were arbitrable under the franchise agreement.

On April 14, 1997, without presenting any legal or factual defenses to the rent claim, defendant moved that the circuit court set aside the order granting summary judgment and stay prosecution of the amended complaint. The circuit court denied the motion and entered final judgment in favor of SRI. This appeal followed. 

On review, the majority has decided to reverse and remand this case and has ordered the circuit court to enter a stay of the forcible entry and detainer proceedings. The majority cites no authority in support of its decision. In my view, the majority errs. 

The majority writes that "there is no need to restrict defendant to only the limited defenses deemed germane to the ordinary forcible entry and detainer action."  However, notwithstanding the majority view that this case is not an ordinary forcible entry and detainer case, this case was commenced as a forcible detainer action and remains so.  This case must be governed by the evidentiary rules applicable to forcible detainer cases. Proceedings in the instant case have already been unusually unrestricted.

A forcible entry and detainer action is a summary statutory proceeding to adjudicate rights to possession, unimpeded by questions of title and other collateral matters not directly connected with the question of possession. 
Rosewood Corp. v. Fisher
, 46 Ill.2d 249, 255, 263, N.E.2d 833 (1970). The distinctive, limited purpose of the Forcible Entry and Detainer Act is to supply a speedy remedy to permit persons entitled to possession of lands to be restored thereto. 
Wall v. Goodenough
, 16 Ill. 415 (1855), 
Rosewood Corp. v. Fisher
, 46 Ill.2d 249, 251, 263, N.E.2d 833 (1970). 

     Finally, the circuit court's denial of defendant's motion to stay is comparable to a denial of a motion for a preliminary injunction. Therefore, the review of the circuit court's decision is limited to whether there was an abuse of discretion in denying the stay. 
Chicago Park District v. City of Chicago
, 127 Ill. App. 3d 215, 221, 468 N.E.2d 1261 (1984), 
affirmed
, 111 Ill.2d 7, 488 N.E.2d 968 (1986). The circuit court committed no abuse of discretion. The judgment of the circuit should be affirmed.