SECOND DIVISION

No. 1-10-1279

_____

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2009 L 003301 |
| | ) | |
| EBRO FOODS, INC., DANIEL P. DUFFY, | ) | |
| VICTOR REYES, RSD HOLDINGS, LLC, | ) | |
| AND ZENAIDA ABREU, | ) | The Honorable |
| | ) | Bill Taylor, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Karnezis and Connors concurred in the judgment and opinion.

**OPINION**

In this appeal, plaintiff Bank of America, N.A. (Bank of America) challenges the circuit

court's dismissal of its complaint to enforce a defaulted loan and various guaranty agreements

pursuant to section 2-615 and section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615;

5/2-619 (West 2008)).  At the hearing on the motions to dismiss, defendant Daniel P. Duffy

(Duffy) argued that Bank of America did not possess a certificate of authority required by the

state of Illinois to maintain a civil action in the state.  On appeal, Bank of America contends the

circuit court should have granted its motion for reconsideration because as a national bank, it is

not subject to state laws "that obstruct, impair, or condition [its] ability to fully exercise its

No. 1-10-1279

powers to conduct activities authorized under Federal law." 12 C.F.R. §7.4009(b) (2010). For

the reasons that follow, we reverse the dismissal of Bank of America's complaint and remand for

further proceedings.

## JURISDICTION

The trial court dismissed the complaint without prejudice on December 9, 2009. On April

7, 2010, the trial court denied a timely motion to reconsider the December 9, 2009, dismissal. The

dismissal order included a Rule 304(a) finding that there was no just reason to delay enforcement

or appeal. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Bank of America filed this timely appeal on

May 6, 2010.[1] Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules

303 and 304 governing appeals from final judgments entered below. Ill. S. Ct. R. 303 (eff. May

30, 2008); R. 304(a).

## BACKGROUND

On August 31, 2005, defendant Ebro Foods, Inc. (Ebro), executed and delivered to

LsSalle Bank a loan and security agreement and revolving note for a revolving loan in the amount

of $250,000. The note was to mature and expire on August 1, 2006. That same day, Duffy,

Victor Reyes (Reyes), and RSD Holdings, LLC (RSD), executed and delivered to LaSalle Bank

separate continuing unconditional guaranties wherein each guaranteed the full and punctual

payment of Ebro's indebtedness, limited to the amount of $75,000 plus interest, costs, fees and

expenses. Zenaida Abreu (Abreu), the registered agent of Ebro, executed and delivered to

---

[1]Bank of America filed a motion for leave to replead, which the trial court granted on June 7, 2010. That order was vacated on August 4, 2010.

2

LaSalle Bank a continuing unconditional guaranty extending to any and all indebtedness, obligations and liabilities of Ebro, plus interest, costs, fees and expenses. Subsequent amendments to the note increased the sum of the loan to $600,000 and changed the maturity date of the note to December 30, 2007. Ebro and LaSalle Bank entered into forbearance agreements with the most recent agreement granting Ebro a short-term forbearance ending on October 28, 2008.

The date of maturity and both forbearance periods passed without any payment made by Ebro to LaSalle Bank. On February 5, 2008, LaSalle Bank sent a written notice of default to Ebro. On February 27, 2009, it accelerated the entire debt and sent a demand for payment. Bank of America filed a two-count complaint on March 18, 2009, with count I directed against Ebro and count II against Duffy, Reyes, RSD and Abreu based on their unconditional guaranties. Prompted by Ebro's bankruptcy filing, Bank of America voluntarily dismissed it as a party on May 14, 2009.

On May 18, 2009, RSD filed a combined motion to dismiss the complaint, arguing that dismissal was proper under section 2-615 because Bank of America failed to establish its successor rights to LaSalle Bank. RSD argued that dismissal under section 2-619 was proper because the suit against the guarantors was premature when no judgment had been entered against Ebro. Duffy filed a combined motion to dismiss on June 4, 2009, amended June 10, 2009, alleging that Bank of America failed to establish standing to sue and that the complaint did not name all necessary parties and otherwise abrogated the terms of the guaranty. Abreu and Reyes joined the RSD and Duffy motions. Abreu also had filed a counterclaim against Bank of America

3

and alleged affirmative defenses. Bank of America responded to the motions on July 15, 2009, and filed an amended motion to strike Abreu's affirmative defenses and dismiss her counterclaims.

On October 29, 2009, Duffy filed a motion to supplement the record in support of his motions to dismiss. In his motion, Duffy argued that section 13.70 of the Illinois Business Corporation Act of 1983 (the Act) requires a foreign corporation to obtain a certificate of authority in order to maintain a civil action in any court of the state. 805 ILCS 5/13.70 (West 2006). At the time Duffy filed the motions to dismiss, the Illinois Secretary of State's Web site indicated that the successor to LaSalle Bank, "BANA Holding Corporation," was not in good standing. Since the filing, the Web site had been updated to reflect the status of BANA Holding Corporation as "revoked."

On November 3, 2009, the trial court denied RSD's and Duffy's motions to dismiss, finding that Bank of America pled sufficient facts to allege standing to pursue the claim as successor by merger to LaSalle Bank. In his motion to supplement the record, Duffy argued that Bank of America failed to obtain the certificate of authority required for it to maintain a suit in the state of Illinois. He contended that the absence of such a certificate provided an independent basis for dismissal. In response, Bank of America argued that the BANA Holding Corporation listed on the Web site was not the same as Bank of America and that Bank of America was the plaintiff in this suit. The trial court granted Duffy's motion to supplement the record and RSD's motion to join Duffy's motion to dismiss. It also granted Bank of America's motion to strike Abreu's affirmative defenses and counterclaims without prejudice.

On November 30, 2009, Duffy filed a motion to reconsider and, alternatively, a motion to

stay the case pending Ebro's bankruptcy proceedings. In his motion, Duffy asked the trial court to address his argument that Bank of America could not bring suit in Illinois because it lacked a certificate of authority pursuant to section 13.70 of the Act. Duffy sought a section 2-619 dismissal of the claim based on this argument.

At the December 9, 2009, hearing on his motion to reconsider, Duffy argued again that the explicit language of section 13.70 of the Act requires a foreign corporation transacting business in Illinois to obtain a certificate of authority in order to maintain a civil action in the state. Bank of America once again responded that it was not the same as BANA Holding Corporation. Also at the hearing, counsel for Abreu requested to join Duffy's motion. The trial court granted Duffy's motion to reconsider and dismissed Bank of America's complaint as to Duffy and Abreu. On December 23, 2009, Bank of America filed a motion to reconsider, arguing that dismissal was improper because it is a national banking association authorized to do business in all 50 states, which includes the ability to sue and be sued. Duffy and Abreu responded to the motion, contending Bank of America waived the issue by failing to raise it earlier in the proceedings. On February 16, 2010[2], Bank of America in its reply asserted for the first time that the National Bank Act (12 U.S.C. §1 *et seq.*) (2006) preempts the application of section 13.70 in this action.

On April 7, 2010, the trial court denied Bank of America's motion for reconsideration. In a bystander's report[3] submitted pursuant to Rule 323(c) (Ill. S. Ct. Rule 323(c) (eff. Dec. 13,

---

[2]Bank of America's brief refers to the date as February 16, 2009. The record shows that the correct date is February 16, 2010.

[3]On August 16, 2010, the trial court certified and ordered filed the reports of proceedings prepared on the hearings of November 3, 2009, December 9, 2009, and April 7, 2010.

No. 1-10-1279

2005)), the trial court indicated that Bank of America's federal preemption argument should have been raised in the December 9, 2009, hearings on RSD's and Duffy's motions to dismiss. The trial court asked Bank of America why it had not presented the argument in opposition to Duffy's motion on December 9, 2009. Bank of America responded that it had not had the opportunity to brief the motion, then alternately suggested that the issue had been raised. The trial court disagreed, stating that Bank of America had not raised the issue on December 9, 2009. Bank of America instead raised the issue for the first time in its February 16, 2010, reply. The trial court found that Bank of America waived this argument by failing to raise it in response to the original motion to dismiss. The trial court also granted defendants RSD's and Reyes's motions to be included in the December 9, 2009, dismissal order. The order included a Rule 304(a) finding that there was no just reason to delay enforcement or appeal, although the court believed such language was unnecessary as "the case [was] over." Bank of America filed this timely appeal.

ANALYSIS

Bank of America contends the trial court should have granted its motion to reconsider the December 9, 2009, dismissal of its complaint because the court erroneously concluded that a national banking association is subject to state laws. Defendants claim that Bank of America waived consideration of its argument by failing to raise the issue prior to filing the motion to reconsider. Although Duffy first introduced his certificate of authority argument on October 29, 2009, in his motions to dismiss, and repeated that argument in his November 30, 2009, motion to reconsider, Bank of America did not make the argument that it was a national bank authorized to do business under federal law until its December 23, 2009, motion to reconsider the dismissal of

6

its claim.

In its February 16, 2010, reply to Duffy and Abreu's response to the motion to reconsider, Bank of America asserted for the first time that the National Bank Act preempts the application of section 13.70 in this action. At the April 7, 2010, hearing on Bank of America's motion, the trial court asked why it had not presented the argument in opposition to Duffy's motion on December 9, 2009, to which Bank of America had no explanation. In general, "arguments raised for the first time in a motion for reconsideration in the circuit court are waived on appeal." *Caywood v. Gossett,* 382 Ill. App. 3d 124, 134 (2008).

We understand the trial court's concern that Bank of America raised the National Bank Act preemption and application of section 13.70 arguments for the first time in its motion to reconsider. Waiver, however, is an admonition on the parties and not a limitation on the jurisdiction of this court. *People v. Normand*, 215 Ill. 2d 539, 544 (2005). In the "interest of preserving a sound and uniform body of precedent," a reviewing court may choose to address an issue not preserved on appeal. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 152 (2004). To ensure a consistent body of law on which national banks doing business in Illinois can rely, we will address Bank of America's argument.

First, we must determine the applicable standard of review. Defendants argue that an abuse of discretion standard applies, while Bank of America contends that the correct standard of review is *de novo* since the issue involves the trial court's interpretation of the Act and its corresponding dismissal of the complaint. "When reviewing a motion to reconsider that was based only on the trial court's application (or purported misapplication) of existing law, as

opposed to [one] based on new facts or legal theories not presented in the prior proceedings, our standard of review is *de novo.*" *People v. $280,020 United States Currency*, 372 Ill. App. 3d 785, 791 (2007). Although Bank of America argues that it is a national banking association for the first time in its motion to reconsider, its ultimate contention is that the trial court misapplied section 13.70 of the Act in dismissing its claim. Since Bank of America's motion is based on the trial court's erroneous application of existing law, our review is *de novo.*

The trial court below granted Duffy's motion to reconsider and dismissed Bank of America's complaint based on his argument that the successor to LaSalle Bank, BANA Holding Corporation, had its certificate of authority revoked. Although section 13.70 of the Act generally requires that a foreign corporation have a certificate of authority in order to maintain a civil action in this state, there are situations where it does not need such a certificate. For example, if a foreign corporation is engaged in only occasional transactions in the state, it need not obtain a certificate of authority. *Subway Restaurants, Inc. v. Riggs*, 297 Ill. App. 3d 284, 289 (1998). Also, if a foreign corporation is conducting interstate commerce, it is not required to obtain a certificate of authority. *Textile Fabrics Corp. v. Roundtree*, 39 Ill. 2d 122, 124 (1968). As the court in *Textile Fabrics* reasoned, our "statutes relative to foreign corporations cannot be given effect in such a way as to impede the Federal authority and responsibility to insure the free flow of interstate commerce." *Textile Fabrics Corp.*, 39 Ill. 2d at 125.

Defendants here bear the burden of proving that Bank of America was transacting business in the state without a certificate in violation of the Act. *Subway Restaurants, Inc.*, 297 Ill. App. 3d at 289. On a section 2-619 motion to dismiss, Duffy cannot satisfy this burden merely

by showing that Bank of America is a foreign corporation without a valid certificate of authority. *Mass Transfer Inc. v. Vincent Construction Co.*, 223 Ill. App. 3d 746, 751-52 (1992). Duffy must also allege facts showing that Bank of America was not engaged in conducting interstate commerce. See *Textile Fabrics*, 39 Ill. 2d at 124. The record shows that Duffy argues only that BANA Holding Corporation's certificate has been revoked. Duffy did not meet his burden of proof on the issue and, therefore, dismissal of Bank of America's complaint on that basis was error.

For the foregoing reasons, we reverse and remand the cause to the circuit court for proceedings in accordance with this opinion.

Reversed; cause remanded for proceedings in accordance with this opinion.

No. 1-10-1279

---

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

BANK OF AMERICA, N.A.,

        Plaintiff-Appellant,

   v.

EBRO FOODS, INC., DANIEL P. DUFFY,
VICTOR REYES, RSD HOLDINGS, LLC,
AND ZENAIDA ABREU,

        Defendants-Appellees.

---

No. 1-10-1279

Appellate Court of Illinois
First District, Second Division

April 26, 2011

---

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Karnezis and Connors concurred in the judgment and opinion.

---

Appeal from the Circuit Court of Cook County.

The Honorable Bill Taylor, Judge Presiding.

---

Dykema Gossett PLLC, 10 South Wacker Drive, Suite 2300, Chicago, IL
60606, (Eric S. Rein, Rosa M. Tumialán and Zafreen J. Husain, of counsel),
for APPELLANT.

Daniel P. Duffy, 120 North LaSalle Street, Suite 2900, Chicago, IL 60602,
(Pro se), for APPELLEE.