2023 IL App (1st) 221478-U

SECOND DIVISION
May 30, 2023

No. 1-22-1478

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| THEOSIS, INC. SOLO 401(k) TRUST, Stephen E. Peisner and Lisa M. Peisner, Co-Trustees, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| (Handover Partners LLC and Monica Sparkman, Defendants) | ) ) ) | No. 19 L 50593 |
| and | ) ) | |
| FREDERICK BILLINGS, | ) ) | Honorable Patrick J. Sherlock, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Ellis in the judgment.

ORDER

¶ 1    *Held*: We affirm the circuit court's entry of judgment as a matter of law against defendant. Defendant has not demonstrated prejudice from the circuit court's decision to treat a motion to reinstate a judgment by confession as a motion for summary judgment. Defendant forfeited his arguments about the measure of damages and attorney fees by failing to raise the issues in the trial court and by failing to provide authority to support his positions on appeal.

¶ 2    Defendant Frederick Billings appeals an order from the circuit court reinstating a judgment by confession entered in favor of Plaintiff Theosis, Inc. Solo 401(k) Trust. Billings argues on appeal that the circuit court erred: (1) when it treated Theosis's motion to reinstate an earlier judgment as a motion for summary judgment; (2) when it rejected the defenses asserted by defendants; (3) when it calculated the amount of interest owed; and (4) when it granted Theosis's petition for attorney fees. For the following reasons, we affirm.

¶ 3                               BACKGROUND

¶ 4    On September 25, 2019, Plaintiff Theosis Inc. Solo 401(k) Trust (Theosis) filed this case seeking a judgment by confession. Theosis made a loan to Defendant Handover Partners LLC for $75,000 as evidenced by a promissory note executed by the parties. The note was secured by the property located at 15125 Quail Hollow Drive in Orland Park, Illinois. A quit claim deed for the property in favor of Theosis was put into escrow as security for the note. As further security for the note, defendants Monica Sparkman and Frederick Billings executed personal guaranties promising to pay the debt should Handover Partners fail to do so.

¶ 5    The promissory note provides that, in the event of default, the borrower authorizes the lender to appear in court and confess judgment against the borrower for any amounts due and owing under the note. The personal guaranties similarly provide that the guarantors authorize the lender to confess judgment against them for any amounts due and owing under the guaranty. Theosis alleged in its complaint for a judgment by confession that Handover Partners almost immediately defaulted on their obligations to pay the sums due under the note.

¶ 6    In March 2019, six months before this case was filed, Theosis recorded the quit claim deed for the property in Orland Park that Handover Partners pledged as collateral for the loan. In June 2019, Handover Partners filed a complaint in the Chancery Division of the circuit court to

quiet title in the property arguing, among other things, that Theosis acted improperly when it recorded the quit claim deed without initiating a foreclosure case. In addition to filing the deed, Theosis also sought to exercise its right to confess judgment against the borrower and the guarantors. The chancery case that Handover Partners filed and this case proceeded simultaneously before the circuit court before different judges.

¶ 7    After filing the complaint in this case, Theosis filed a motion for entry of a judgment by confession, arguing that it was entitled to a judgment because the borrower and guarantors were in default, and they had authorized a judgment by confession to be entered against them in the event of default. The court entered judgment in Theosis's favor.

¶ 8    Defendants filed a motion to vacate the judgment by confession. In their motion, defendants argued that the judgment was entered against them in this case without notice. They argued that their due process rights were violated and that they had meritorious defenses to the action. Defendants argued plaintiffs elected a remedy when they chose to record the quit claim deed and that it would be fundamentally unfair to allow plaintiffs to have a double recovery of both the judgment by confession and title to the property. Defendants asked that the court vacate the judgment and allow the case to proceed on the merits. The circuit court treated defendants' motion to vacate as a motion to open a judgment by confession under Illinois Supreme Court Rule 276. The court granted defendants' motion and opened the judgment.

¶ 9    Handover Partners eventually obtained a favorable ruling in the chancery case it filed. The chancery court ruled that the deed deposited in escrow as security for the note and subsequently recorded by Theosis was ineffective to convey title to Theosis.

¶ 10    In this case, with the judgment by confession now opened, defendants filed a motion to dismiss the operative complaint. Defendants argued that Theosis, a Colorado entity, was not

3

authorized to transact business in Illinois. Defendants alleged that Theosis did not have the required certificate of authority from the Illinois Secretary of State and, therefore, Theosis lacked standing and lacked capacity to sue. Defendants also argued that Theosis failed to file security for costs as is required for nonresidents who institute an action in Illinois. The circuit court denied defendants' motion to dismiss.

¶ 11     Theosis filed a motion to reinstate the judgment that was entered by confession two years earlier. Theosis argued the developments in the case had demonstrated that defendants had no viable defenses in fact or in law and that Theosis was entitled to a judgment for the amounts due and owing on the loan. Theosis pointed out that defendants had admitted in sworn responses to discovery requests that they did not pay the indebtedness in accordance with the promissory note, and it argued that all the asserted defenses lacked merit. Defendants reasserted their arguments about Theosis's lack of standing and also argued that Theosis was improperly seeking a double recovery of both title to the property pledged as collateral and a money judgment. Defendants also argued that Theosis failed to identify the section of the Code of Civil Procedure the motion was brought under, so it was unclear if it was a motion for summary judgment, a motion for judgment on the pleadings, or a motion to reconsider the court's earlier ruling to open the judgment by confession.

¶ 12     The circuit court treated Theosis's motion to reinstate the judgment as a motion for summary judgment. The circuit court addressed the issues raised by defendants and then found that the reasons for opening the initial judgment were no longer at issue. Since the circumstances for opening the judgment had all been addressed and none of the circumstances warranted relief to defendants, the circuit court found that Theosis was entitled to a reinstatement of the judgment. The circuit court entered judgment on the question of liability and continued the case

for addressing the question of the total measure of damages because the promissory note and guaranties provide for the award of attorney fees in the event of litigation. The circuit court later issued an award for damages that included unpaid principal along with interest, costs, and attorney fees.

¶ 13　Defendant Frederick Billings, one of the guarantors, appeals the judgment of the circuit court. Billings' appeal raises issues regarding both the judgment of liability and the measure of damages. Defendants Handover Partners and Monica Sparkman did not join this appeal.

¶ 14　　　　　　　　　　　　　　　　ANALYSIS

¶ 15　Defendant Frederick Billings appeals the circuit court's judgment arguing that the court erred: (1) when it treated Theosis's motion to reinstate the judgment as a motion for summary judgment; (2) when it rejected the defenses asserted by defendants; (3) when it calculated the amount of interest owed; and (4) when it granted Theosis's petition for attorney fees.

¶ 16　　I. No Prejudice to Defendant on the Motion for Reinstatement of the Judgment

¶ 17　Billings argues that the trial court erred when it granted Theosis's motion to reinstate the judgment that was entered by confession in the early stages of the case. Billings' argument on this point has two parts. First, he argues that he was caught by surprise by the circuit court's decision to treat the motion to reinstate the judgment as a motion for summary judgment and he was prejudiced by the circuit court's procedure. Second, he argues that the circuit court's decision to treat the motion as one for summary judgment deprived him of the opportunity to raise certain defenses, and Billings goes on to explain the merits of those defenses to show why he believes the judgment below should not stand. As to the issue of whether the trial court properly entered judgment in Theosis's favor, the court ruled on the issue as a matter of law and our review is *de novo*. See *Gean v. State Farm Mutual Automobile Insurance Co.*, 2019 IL App

(1st) 180935, ¶ 12 (whether a party is entitled to judgment as a matter of law, as with all questions of law, is reviewed by the appellate court *de novo*).

¶ 18      Billings contends that Theosis's motion to reinstate the judgment was not a motion for summary judgment and the trial court erred when it treated the motion as such. In his[1] response to the motion to reinstate the judgment, Billings pointed out that there was confusion about what type of motion Theosis had really filed. The first three paragraphs of Billings' response to the motion are devoted to explaining the lack of clarity about the identity of the motion. Billings pointed out that Theosis did not identify a provision from the Code of Civil Procedure on which the motion was based and then he asked "Is this a Motion for Summary Judgment? Is this a Motion for Judgment on the Pleadings? Is this a Motion for Reconsideration of [the order opening the judgment by confession]? Is this some other type of motion?"

¶ 19      After identifying the issue regarding the character of the motion, Billings' response discussed the ongoing litigation regarding the collateralized property in Orland Park. He asked that the motion to reinstate the judgment be denied or at least stayed until the equitable matters in the other case were resolved. Billings then addressed his defenses to Theosis obtaining a judgment in this case. He set forth his "affirmative defenses" of "election of remedies, setoff, waiver of deficiency." Billings argued in response to the motion to reinstate the judgment that Theosis had elected its remedy by filing the quit claim deed and was prohibited from suing for the full measure of damages in this case. Billings argued that the amount sought by Theosis in the case was incorrect and he was entitled to a credit reflecting the actual amount owed. Billings also argued that Theosis was not entitled to a judgment in this case because it was improperly

---

[1] For purposes of clarity and ease of reading, we identify the filings in the circuit court as being brought by Billings. The filings were brought by all the defendants in the circuit court action, but Billings is the only one of those defendants who is party to this appeal.

doing business in Illinois and failed to register with the Illinois Secretary of State before proceeding in this case. Billings attached several exhibits to his response to the motion to reinstate the judgment.

¶ 20    Billings argues here that he was "severely prejudiced" by the trial court treating the motion to reinstate the judgment as a motion for summary judgment. He argues, without any material elaboration, that his response to the motion would have been significantly different if he knew he was facing a motion for summary judgment. He suggests that, if he knew he was facing a summary judgment motion, he could have and would have filed affidavits and other evidentiary materials to support his arguments. However, Billings does not identify what those affidavits or other evidentiary materials would have shown or how they would have entitled him to obtain relief. He was aware that he was facing a motion for entry of a judgment, and he presented the reasons he believed Theosis was not entitled to such a judgment. Although he opines that he was prejudiced by the trial court's action, he does not, in fact, demonstrate how he was prejudiced, nor does he allege anything he would have actually done differently that might have compelled a different result. Billings had a full and fair opportunity to present his defenses to Theosis's motion for judgment as a matter of law and he has not shown any actual prejudice from the trial court treating the motion as a motion for summary judgment.

¶ 21    We have previously approved of the trial court treating a different type of motion as a motion for summary judgment when the nonmovant is not prejudiced. See, *e.g.*, *Pasquinelli v. Sodexo, Inc.*, 2021 IL App (1st) 200851, ¶ 29; *Poindexter v. State, ex rel. Department of Human Services*, 229 Ill. 2d 194, 209 (2008); *Grobe v. Hollywood Casino-Aurora, Inc.*, 325 Ill. App. 3d 710, 715 (2001). Here, the parties both made arguments and supplied evidence regarding whether Theosis was entitled to judgment as a matter of law. Although Billings expressed

confusion in his response to Theosis's motion, he was not unfairly surprised by the trial court ruling in the case as a matter of law, as he recognized the intent of Theosis's motion and responded appropriately by putting forth the arguments and evidence he believed warranted the case proceeding on the merits of his defenses or at least being stayed pending the outcome of the equitable action. Although Billings made a statement about the lack of clarity regarding the identity of the motion, he went forward with responding specifically to Theosis's attempt to obtain a judgment as a matter of law. The trial court evaluated and rejected all of Billings' theories of defense. Billings has not shown that there was anything preventing him from raising all of the issues at his disposal at the time of responding to the motion nor has he identified any meritorious defense he could have raised to prevent entry of the judgment. Here, the circumstances of the case and the record before the trial court enabled it to make a determination of the issues as a matter of law, and Billings does not demonstrate any prejudice from the trial court's procedural decision to treat the motion as a motion for summary judgment.

¶ 22                              II. Defenses to the Judgment

¶ 23    The second part of Billings' argument regarding the motion to reinstate the judgment goes through his defenses to the action to explain why he believes the court erred in granting Theosis a judgment as a matter of law. First, Billings argues that the trial court failed to review the pertinent court files before rendering a decision. He contends that the trial court should have considered the other pending equitable case within its analysis of the motion filed in this case.

¶ 24    It is clear from the trial court's order that it did consider matters from the chancery case when deciding the motion to reinstate the judgment in this case and that it considered whether those equitable issues had any impact on Theosis's entitlement to judgment as a matter of law here. Billings has not shown that the trial court, in fact, failed to review a particularly relevant

fact nor has he shown how any matter from the chancery case precluded a judgment being entered here. Billings' mere suggestion that the trial court should have reviewed other materials before making its decision does not entitle him to any relief on appeal. Moreover, in the absence of any evidentiary support to the contrary, we must presume that the trial court considered the relevant material and the arguments of the parties when it ruled on the motion for summary judgment. See *American Service Insurance Co. v. Pasalka*, 363 Ill. App. 3d 385, 395 (2006); *Long v. Soderquist*, 126 Ill. App. 3d 1059, 1064 (1984).

¶ 25    Second, Billings argues that, had he known he was facing a summary judgment motion, he would have raised the defense that Theosis lacks standing and lacks capacity to sue. He argues that Theosis is a trust and, therefore, is not able to file suit in Illinois. He also suggests that Theosis is a fictitious, non-existent entity operating without authority in Illinois.

¶ 26    Contrary to Billings' argument that he would have raised the issue of standing or lack of capacity if he knew he was facing a summary judgment motion, the record demonstrates that he did, in fact, raise the issue of Theosis's standing and capacity to sue in response to the motion to reinstate the judgment. Billings had also already raised the issue of standing in his affirmative defenses and in his motion to dismiss based on the failure of Theosis to register to do business in Illinois. In ruling upon the motion to reinstate the judgment, the trial court discussed the affirmative defenses Billings had raised in the case, including the matter of standing. The trial court previously rejected Billings' objections to Theosis's lack of standing and capacity to sue, for reasons we discuss below, when Billings raised those affirmative matters as bases for dismissing the case.

¶ 27    In a motion to reconsider filed after the trial court reinstated the judgment, Billings for the first time, made the specific argument that Theosis is a trust and cannot sue in its own name

by virtue of it being a trust. Arguments raised for the first time in a motion for reconsideration in the circuit court are forfeited on appeal. *Tafoya-Cruz v. Temperance Beer Co., LLC*, 2020 IL App (1st) 190606, ¶ 83.

¶ 28     Forfeiture aside, defendant could not prevail on this claim. For purposes of litigation, a written trust possesses a distinct legal existence that is recognized by statute and can sue or be sued through its trustee in a representative capacity on behalf of the trust. *Deutsche Bank Trust Co. Americas as Trust for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS15 v. Sigler*, 2020 IL App (1st) 191006, ¶ 38. However, the named plaintiff in this case is Theosis, as a trust, with Stephen and Lisa Peisner also listed as its co-trustees. While Billings may be technically correct that the named party should have been the trustees on behalf of the trust rather than the other way around, he has failed to show that the error is such that the judgment should be set aside, especially where it was raised for the first time in a motion for reconsideration.

¶ 29     Generally, when the plaintiff in a case improperly names the trust itself as the plaintiff and the mistake is brought to the parties and the court's attention, the trustee is substituted in as the named plaintiff on behalf of the trust. See *Defranco Family*, 2021 WL 5086403, at **1-2; *Lefta Assocs. v. Hurley*, 902 F. Supp. 2d 559, 575-77 (M.D. Pa. 2012). Section 2-401(b) of the Code of Civil Procedure provides in relevant part: "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401(b) (West 2020). While "an opposing party may require that a misnomer be corrected, he or she cannot force a dismissal for the misnomer." *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 261 (1994) (citing *Sjostrom v. McMurray*, 47 Ill. App. 3d 1040, 1043 (1977)).

¶ 30    Billings produced no evidence that Theosis does not actually exist as a legal entity. Stephen Peisner, meanwhile, filed an affidavit averring that Theosis is a lawfully organized trust, is registered with the IRS, and is the entity who made the loan in this case through its own bank account. No evidence was produced to contradict those attestations.

¶ 31    Theosis's error here was substantively immaterial and Billings' failure to raise the error sooner results in forfeiture. Billings did not allege in his affirmative defenses titled "standing" that Theosis could not recover because it is a trust, and he waited until after the judgment was reinstated before making the argument. A challenge to a plaintiff's lack of standing is forfeited if it is not raised in a timely manner, and a new legal theory may not be raised in a motion to reconsider or on appeal. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988) (lack of standing is forfeited if not raised in a timely manner); *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998) (new theories may not be raised in a motion to reconsider or on appeal). Therefore, Billings cannot prevail on this claim.

¶ 32    Third, Billings argues that Theosis was not entitled to judgment as a matter of law because it failed to file adequate security for costs. He cites to the section of the Code of Civil Procedure under which the circuit court is directed to dismiss an action that is commenced without the party filing security for costs (citing 735 ILCS 5/5-103 (West 2020)). Billings acknowledges that Theosis eventually filed security for costs but points out that the security was filed two years after commencing the action. Billings contends that the case should have been dismissed on that basis, which should have precluded judgment being entered in Theosis's favor.

¶ 33    Billings raised this issue in his motion to dismiss. After raising the issue, Theosis proceeded to go and file security for costs. The statute contemplates that the case need not be dismissed when "the security for costs is filed within such time as is allowed by the court, and

when so filed it shall relate back to the commencement of the action." 735 ILCS 5/5-103 (West 2020). Here, the trial court granted Theosis 14 days to file the required security, which it did. The trial court approved Theosis's filing and found that Theosis had "filed with the clerk of the court a security in the form required by §5-501." The trial court denied Billings' motion to dismiss despite his claim that the security for costs issue warranted dismissal. It is clear that regardless of whether Billings knew how the trial court would treat the motion filed by Theosis, its argument about failure to file security would not have been found to be meritorious.

¶ 34     Fourth, and similar to one of the issues raised above, Billings argues he could have defended a summary judgment motion by raising Theosis's lack of capacity to sue based on its failure to register to do business in Illinois. In support of this statement, Billings points out that Theosis is an entity organized in Colorado and it lacks a certificate of authority to transact business in Illinois. Billings cites to the provision of the Business Corporation Act which states that "[n]o foreign corporation transacting business in this State without authority to do so is permitted to maintain a civil action in any court of this State, until the corporation obtains that authority." 805 ILCS 5/13.70(a) (West 2020). Billings alleges that Theosis has made multiple loans in Illinois and is regularly transacting business here such that its failure to secure a certificate of authority to transact business in Illinois constitutes a defense to the collection action.

¶ 35     Billings has raised the issue of Theosis's failure to obtain a certificate from the Secretary of State throughout each step of the proceedings. The trial court rejected this argument on the merits each time it was raised. In his response to the motion to reinstate the judgment, Billings specifically argued that Theosis's failure to register with the Illinois Secretary of State before proceeding in this case should preclude Theosis from obtaining a judgment in its favor. At

various points in the trial court, Billings attached records from both the Illinois Secretary of State and the Colorado counterpart to show that Theosis was, in some form, organized in Colorado, but was not registered to transact business in Illinois. The trial court considered this issue when it ruled on the motion to reinstate the judgment. Billings was fully able to, and did, raise this issue in response to Theosis's motion for a judgment.

¶ 36    A foreign corporation is required to register to do business in Illinois and obtain a certificate of authority to transact business, but not if the corporation is engaged in only occasional and isolated transactions in Illinois. *Subway Restaurants v. Riggs*, 297 Ill. App. 3d 284, 289 (1998) ("A corporation engaged in only occasional and isolated transactions in Illinois is not required to obtain a certificate of authority."). "The defendant bears the burden of proving that a corporation transacted business in violation of the Act." *Id.*

¶ 37    Beyond Billings' suggestions that Theosis was required to register to do business in the state, he failed in his burden to prove that Theosis was conducting business in Illinois in a manner that would require registration under the Business Corporation Act. Billings alleged that the trust engaged in two other transactions involving real estate in Illinois. Despite defendant's allegation that Theosis participated in two other transactions in Illinois, we find he has failed to sustain his burden to prove that the activities of Theosis were not occasional and isolated. Therefore, we agree with the findings of the trial court that Billings failed to meet his burden to show that registration was required or that it should preclude Theosis from obtaining a judgment for the funds owed on the loan. Despite his awareness that Theosis was moving for a judgment to be entered in its favor, Billings still did not meet his burden to show registration was required by Theosis and he continued to rely on his own assertions that Theosis's failure to register should

prevent it from obtaining a judgment. Billings' efforts were insufficient. See *Career Concepts, Inc. v. Synergy, Inc.*, 372 Ill. App. 3d 395, 403-04 (2007).

¶ 38    Billings makes no showing that he could have made any argument or produced any evidence that would have changed the result in the trial court. Billings fails to demonstrate that he was prejudiced by the trial court treating Theosis's motion as a motion for summary judgment and he otherwise fails to demonstrate that the judgment in favor of Theosis should be set aside.

¶ 39                                III. Measure of Damages

¶ 40    Billings argues that the amount of damages awarded to Theosis, particularly the amount of interest, was improper. Billings quotes the trial court's order on Theosis's motion to reinstate the judgment wherein the trial court stated that Theosis's "remedy is the reinstatement of the judgment." Billings thus argues it was improper for the court to impose interest for the period between the original judgment being entered and the judgment being reinstated. Billings points out that interest calculated in the original judgment was $16,500, but after the initial judgment was vacated and reinstated, there was an additional $20,979 in interest. Billings contends that the award of additional interest is inconsistent with the trial court's statement that reinstatement of the judgment was the proper remedy.

¶ 41    Billings provides no authority to support his argument on appeal. The appellate court is entitled to have issues before it defined and supported by authority and the failure by a party to do so constitutes a forfeiture of the argument. See *In re Marriage of Gabriel and Shamoun*, 2020 IL App (1st) 182710, ¶ 74 (failing to support an argument with citation to authorities forfeits review of an issue on appeal); *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) ("A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority; it is not merely a repository into which an appellant may 'dump the burden of

argument and research' ***"). Moreover, as he tacitly acknowledges in his reply brief, Billings did not raise the specific issue he now raises about interest in the trial court and, thus, it is forfeited for review. *Bachman v. General Motors Corp.*, 332 Ill. App. 3d 760, 790 (2002) (failure to make a specific objection in the trial court results in a forfeiture of the issue for appeal). Billings has forfeited this issue and has otherwise failed to show that the trial court committed reversible error in determining the amount of damages owed.

¶ 42                              IV. Petition for Attorney Fees

¶ 43     Billings includes a section in his brief which he titles "[t]he trial court erred in granting Theosis' Petition for Attorney Fees." However, in that section of his brief, Billings only discusses the award of interest that was addressed earlier in his brief and is addressed above in Part III of this order. Billings seems to be arguing, like above, that the award of attorney fees should be limited to the point at which Theosis secured the initial judgment because the trial court made a statement in its order that Theosis was entitled to a reinstatement of that judgment as its remedy.

¶ 44     As with the issue of interest, Billings provides no authority to support his argument regarding the award of attorney fees. Failing to support an argument with citation to authorities forfeits review of the issue on appeal. *Marriage of Gabriel and Shamoun*, 2020 IL App (1st) 182710, ¶ 74. Billings has not provided us with any basis to set aside the award of attorney fees nor has he provided us with a basis to set aside the underlying judgment.

¶ 45                                    CONCLUSION

¶ 46     Accordingly, we affirm.

¶ 47     Affirmed.